[No. 388.   January 24, 1890.]

## EXCHANGE BANK OF DALLAS, APPELLEE, v. W. W. TUTTLE ET AL., APPELLANTS.

PROMISSORY NOTE—STIPULATION FOR ATTORNEY'S FEE—ASSUMPSIT—PLEA, NON ASSUMPSIT.—In an action of assumpsit on a promissory note stipulating for the payment of "ten per cent for attorney's fees in case this note is placed in the hands of any attorney for collection, or collected by suit," where the plea was non assumpsit, and no evidence was offered in support of the plea—Held: The court is not called upon in this case to pass upon the question as to the construction of the provision for the payment of attorney's fees in the note sued on, that question is not properly raised. But the court is asked to declare that a clause in a promissory note providing for attorney's fees of a fixed and definite amount, in the event the note is "collected by suit," is void as against public policy.   This the court can not do, the validity of such a clause in a promissory note by contract of the parties being sustained by the weight of authority.   The provision for the payment of attorney's fees in the note sued on is undoubtedly a questionable one, and susceptible of being used in an oppressive and collusive manner; but the court can not presume that such will be the result. The courts have held many provisions for attorney's fees in notes and contracts void, where the amount was uncertain, exorbitant, or oppressive, and the facts were clearly proven.   But in this case the services of the attorney were rendered.   It does not appear that the fee contracted for was unreasonable, nor that the contract was not a voluntary one, made by the parties with a full knowledge of all the facts.   As to the objection that the court allowed attorney's fees without requiring proof of their value, if the note sued on had provided for a "reasonable attorney's fee," such proof would have been necessary, the amount being uncertain; but in this case the amount. is fixed by contract, and the court must presume that the fee fixed was the reasonable value of the services rendered, in the absence of any evidence to the contrary.

APPEAL, from a judgment in favor of plaintiff, from the Second Judicial District Court, Socorro County. Judgment affirmed.

The facts are stated in the opinion of the court.

NEILL B. FIELD for appellant.

ISAAC S. TIFFANY for appellee.

The stipulation is not against public policy, and not, therefore, void. 1 Story, Eq. Juris., sec. 259; Sedgwick v. Stanton, 14 N. Y. 289; First National Bank v. Breese, 49 Iowa, 640; Garvin v. Pointias, 66 Ind. 191; Miner v. Exchange Bank, 53 Tex. 599; Seaton v. Scoville, 18 Kan. 435; Overton v. Mathews, 35 Ark. 147; Parkham v. Pulliam, 5 Col. (Tenn.) 407; Imler v. Imler, 95 Pa. St. 372; Clawson v. Munson, 55 Ill. 395; Payser v. Cole, 4 Pac. Rep. (Ore.); Farmers National Bank v. Salem, 1 Dak. 60; Schlessinger v. Arline et al., 31 Fed. Rep. 649; Bank of British North America v. Ellis, 2 Fed. Rep. 44; Adams et al. v. Addington, 16 Fed. Rep. 89; Wilson Sewing Machine Co. v. Moreno, 7 Id. 806; Howenstine v. Barnes, U. S. Cir. Ct., 9 Cent. Law Jour. 48; Randolph on Commercial Paper, sec. 205; 1 Dan. Neg. Insts., sec. 62, p. 72; Smith v. Silvers, 32 Ind. 321.

McFIE, J.—This suit was brought in the district court for Socorro county upon the following promissory note:

"$3,500.          DALLAS, TEXAS, Oct. 23d, 1885.

"On December 1, '85, after date, without grace, we or either of us promise to pay to the order of Exchange Bank, Dallas, thirty-five hundred dollars, for value received, at the Exchange Bank of Dallas, with interest from maturity at the rate of twelve per cent per annum, with ten per cent for attorney's fees in case this note is placed in hands of an attorney for collection, or collected by suit.          L. B. COLLINS,

"C. E. ODEM,

"W. W. TUTTLE."

The declaration, in addition to the usual demand for debt, interest, and costs, asked judgment for attorney's fees, as provided by the terms of the note.   Col-

lins and Odem were not served with process, but W. W. Tuttle entered his appearance, and filed one plea, that of non assumpsit.  The defendant, Tuttle, waived a jury, also written finding of facts, and consented to trial by the court, which was had, and the following judgment was rendered by the court at the November term, A. D. 1888:  "At this day, this cause having been heretofore submitted to the court, and the court being now sufficiently advised, doth find the issues for the plaintiff, and assess its damages against defendant Tuttle, at the sum of four thousand, seven hundred thirty and 00-100 dollars, and also the sum of three hundred and fifty dollars as attorney's fees; wherefore it is ordered and adjudged that plaintiff recover of defendant W. W. Tuttle, the sum of four thousand, seven hundred thirty and 00-100 dollars damages, with 12 per cent interest from this day until paid, and also the sum of three hundred and fifty dollars as attorney's fees, together with its costs in this behalf laid out and expended, to be taxed herein, and that execution issue therefor."   To reverse this judgment, the case is brought to this court by appeal.

Appellant seeks a reversal solely upon the ground that the court gave judgment for attorney's fees, and assigns the following errors:   (1) That the district court erred in its finding that the appellant was liable for attorney's fees on the contract sued on;  (2) that the district court erred in giving judgment against the appellant for $350 attorney's fees, when there was no evidence of the value of the attorney's fees before the court;  (3) that the judgment of the district court against this appellant is wholly without evidence to support it.

The note was the only evidence offered by the plaintiff, and, although the entire cause of action was put in issue by defendant's plea, no evidence was offered in support of the plea.   The introduction of the

note in evidence was sufficient to warrant a judgment for plaintiff for the amount of the note, interest, and costs. We are now called upon to say whether or not the court erred in allowing attorney's fees as specified in the note.

Let us consider the first assignment of error: "That the district court erred in its finding that the appellant was liable for attorney's fees on the contract sued on." This question of the allowance, or disallowance, of attorney's fees provided for in promissory notes and written contracts has been before the courts for many years in this country, and many learned opinions of able judges and courts have been rendered on both sides of the question. An examination of the authorities will show, however, that the fruitful cause of this contrariety of opinion is due mainly to the varied forms in which the question is presented to the courts. One instrument sued on differs in its provision, upon that subject, from that of another. Therefore the phraseology of a decision, apparently applicable, may be, and often is, found to be inapplicable when examined in the light of the facts before the court. Take the case of Oelrichs v. Spain, 15 Wall. 231, cited by appellant. The case is sometimes cited as showing that the supreme court of the United States is opposed to the allowance of attorney's fees in any case, whether provided for in the instrument or not; but an examination of that case shows that it was a suit on an injunction bond, with no provision in the instrument for attorney's fees, and the question in that case was whether attorney's fees should be allowed as part of plaintiff's damages, which is a very different proposition. The case of Bullock v. Taylor, 39 Mich. 137, cited by appellant, is not in point in this case. The notes in that case provided that "the undersigned agreed to pay $15 attorney's fee, over and above all taxable costs," each, on

six small notes, two of them for $41.50 each. The surety did not sign the notes, but signed a bond as surety for the makers. The court says, among other things: "The surety insists that such notes are not within the terms of his undertaking. * * * (2) Because they provide for the payment of an attorney's fee, to which he has never consented." Again the court says: "In this state, the attorney's fees which the successful party is permitted to recover in courts of record are prescribed by statute or by rule of court. In justice's courts, none are given except in a few special cases. The policy of our law is to limit such recovery to a very moderate sum in every case where it is permitted at all; * * * and it is a question of very grave importance whether the policy which thus limits attorney's fees, and also limits the rates of interest, can be set aside by provisions like that under review." It is very apparent that this case was decided mainly upon the ground that such fees as were contracted were prohibited by the statute law or rules of court of Michigan; the contract, therefore, was in violation of law, and the court would not enforce it. In this territory we have no statute upon the subject. In Stoneman v. Pyle, 35 Ind. 104, the note provided for attorney's fees in case suit was brought, and it was sustained, the court saying: "On the maturity of the note, the maker knew precisely what he was bound to pay, and the holder what he was entitled to demand. * * * The stipulation for the payment of attorney's fees could have no force, except upon a violation of his contract by the defendant," etc. In Churchman v. Martin, 54 Ind. 388, the court held void a note providing for "10 per cent attorney's fees, if suit be instituted." It might be said, without examination, that these two decisions are contradictory; but they are not so, for the reason that between the two decisions a statute had been passed in that state, as follows: "That any and all agree-

ments to pay attorney's fees, depending upon any condition therein set forth, and made part of any bill of exchange, acceptance, draft, promissory note, or other written evidence of indebtedness, are hereby declared illegal and void." Act of March 10, 1875. The provision was held to be void under the statute, because upon "condition," and not because it was against public policy.

It may be admitted, however, that some of our ablest courts hold opposite views on some of the points arising out of this question. Our own federal courts are somewhat divided in opinion; Judges DEADY, PARDEE, and SPEER sustaining the validy of contracts for attorney's fees, while Judges CALDWELL and McCRARY take the opposite view. The early cases upon this subject were disposed to hold against the validity and also negotiability of such contracts, a leading case being that of Woods v. North, 84 Pa. St. 407, placing it upon the ground of uncertainty; but in later decisions a different view is taken, and there is now a large preponderance of decisions that where the amount provided for in a promissory note, at maturity, is fixed and certain, it is negotiable. Applying that test to the note sued on in this case, we are of the opinion that it is negotiable. The weight of authority is to the effect, also, that where a promissory note provides for a fixed and reasonable amount for attorney's fees, if the note is collected by suit, it is valid, and will be sustained by the courts. Illinois, Iowa, Louisiana, Kansas, Kentucky, Indiana, Arkansas, Texas, Colorado, California, and the federal courts in Oregon, Kansas, and Georgia, sustain the validity of such notes. Pennsylvania, Minnesota, Wisconsin, Missouri, and the federal court in Arkansas are not disposed to enforce such provisions.

This case is brought within very limited bounds by the record. We are not called upon to construe the

clause of the note sued on, which provides for "ten per cent attorney's fees in case this note is placed in hands of an attorney for collection," because it is not properly raised. The provision just quoted is certainly a questionable one. It is susceptible of being used in a very oppressive and collusive manner. Therefore, if this record showed that the defendant, Tuttle, paid, or tendered payment, of the debt and interest at maturity, or before suit was brought, and the payment tendered refused for the reason that the note was placed in the hands of an attorney, who demanded ten per cent more for attorney's fees, a very different case would be presented; but in this case there was neither payment nor tender of any part of the note, so far as the record discloses. On the contrary, suit was actually brought for the collection of the note, and the defendant, by pleading non assumpsit, denied the entire indebtedness, in law, and put the plaintiff upon proof of the entire amount; and while the judgment, except as to the amount of attorney's fees, is in fact admitted, still the entire amount is suspended, and the plaintiff is deprived of the benefit of judgment for the debt and interest. If to declare the clause as to attorney's fees invalid would void the entire note, there would be some justification for the practice; but it will not be contended that such would be the effect, and hence this court can not, by reversing the judgment of the court below, approve a practice which practically deprives the plaintiff of his legal rights, when, by payment or tender of amount due and admitted, such results would be avoided without depriving the defendant of any legal right. To reverse this case, the court must declare that a provision in a promissory note for attorney's fees of a fixed and definite amount, in case the note is "collected by suit," is contrary to public policy, and therefore void. This we can not do, as we are satisfied that the weight of

authority sustains the validity of such a provision in a promissory note by contract of the parties. We are aware of the force of the argument "that to sustain such contracts, because they are the contracts of the parties, would admit of oppression of the debtor by the grasping creditor," but we can not presume that such will be the result; and, besides, it does not follow; and this court does not hold, that the courts will not interfere to prevent oppression and collusion, where the facts are brought before the court in the proper manner. The courts have held void many of the provisions for attorney's fees in notes and contracts, where they are uncertain, excessive, or oppressive. Even where a fixed sum has been agreed upon by the parties, the courts have interfered to afford relief, where the amount was clearly exorbitant or oppressive, and the facts were shown to the court. In this case, services of the attorney were rendered. It is not shown that the amount contracted for was excessive, nor that the contract was not a voluntary one, with a full knowledge of all the facts. The note was sufficient evidence to warrant the court in giving judgment for attorney's fees, and in doing so there was no error.

The second assignment of error is, in substance, that the court allowed attorney's fees without requiring proof of their value. If the note sued

ATTORNEY'S fees: proof of value of services rendered

on provided for a "reasonable attorney fee," the amount not being fixed, such proof should be required; but in this case the amount has been fixed by the contract, and we must presume that the amount fixed was the reasonable value of the services rendered, until the contrary appears. The amount being fixed, and value reasonable, the court below committed no error in giving judgment for the amount provided for in the note.

The third assignment of error is not well taken. There was sufficient evidence to warrant the court below

in giving judgment for attorney's fees upon the note; in fact, the note was the best evidence of the fact, and proved itself. Finding no error in the record, the judgment of the court below is affirmed, with costs.

Long, C. J., and Lee and Whiteman, JJ., concur.