[No. 1046.   March 3, 1904.]

F. L. PEARCE, Appellee, v. FRANC. E. L. ALBRIGHT, Appellant.

### SYLLABUS.

1. In this case the notice of lien does contain a statement of the terms, time given and conditions of the plaintiff's contract.

2. Because the Christian name of the the person who signed the notice of lien was not written out in full, but was designated by initials, the notice of lien is not a nullity. But the use of initials only instead of writing out the Christian name of a person in legal instruments is a practice not to be commended.

3. An appellant cannot take advantage of the fact that the court did not pass upon a motion and demurrer filed by appellee, as he is not injured thereby. The appellee alone could have objected to the action of the court in going to trial without having disposed of them.

4. When a case is tried by the court, without the intervention of a jury, neither party objecting or excepting, and when both parties appear and produce witnesses, presumably they desired a hear-

ing, and it is too late for the appellant to first raise the point on appeal to this court, that the record does no show the jury was waived.

5. The value of attorney's fees can be found by the court in the absence of evidence on that point, other than the record of the proceedings.

6. It was error in ordering that execution issue against the appellant, if the property in which the lien attached did not bring enough to satisfy the judgment, but this error is cured by appellee having filed a disclaimer, waiving any personal judgment against appellant.

Appeal from the district court of Bernalillo county, before BENJAMIN S. BAKER, Associate Justice. Modified and affirmed.

T. N. WILKERSON for appellant.

A judgment by default or *"nil dicet"* cannot be taken by the plaintiffs after the action is at issue, whether the issue be one of law or fact.

Hicks v. Vann, 4 Ark. 526; Reed v. State Bank, 5 Ark. 194; Alexander v. Stewart, 23 Ark. 18; Knaebel v. Slaughter, 34 Pac. 198, 7 N. M. 221; Knowles v. Fritz, 58 Wis. 216.

It follows that where defendant has appeared to the action and filed a pleading in opposition, his default cannot be entered, nor judgment by default taken until the pleading is stricken from file, or otherwise disposed of.

Cook v. Forest, 18 Ill. 581; Farnot v. Park Nat'l Bank, 37 Ill. App. 322; Barnett v. Craig, 38 Ill. App. 96; Terrell v. State, 68 Ind. 157; Harris v. Muskingum Mfg. Co., 4 Black (Ind.) 267; Kallenburg v. Perrin, 46 Ind. 282; Crafts v. Clark, 31 Iowa 78; Levi v. Monroe, 11 Iowa 453; Maloy v. Sailing, 48 Iowa 699; Rochester v. Trotter, 4 Bibb (Ky.) 444; Long v. Dupey, 1 Dana (Ky.) 104; French v. Putnam, 14 La. 97; Hambrick v. Dent, 70 Miss. 59; Stout v.

Curran, 7 Howard Pr. (N. Y.) 36; Hurlock v. Barnhardt, 41 Tex. 580, Sevier v. Turner, 33 S. W. 294; Hasken v. Wilson, 5 Wis. 106.

In some jurisdictions a judgment by default cannot be taken until the answer, though wholly insufficient, is stricken out or otherwise disposed of.

Burlington R. Co. v. Marchand, 5 Iowa 468; Spencer v. Torker, 12 Abb. Pr. (N. Y. Supreme Court) 353; Chadwick v. Snediker, 26 How Prac. (N. Y. Supreme Court) 60; Maxwell v. Jarvis, 14 Wis. 506; Thelusson v. Smith, 5 T. R. 152; Ruch v. Jones, 33 Mo. 393; Spear v. Craig, 16 Colo. 478.

While a demurrer is on file it creates an issue of law which must be determined before a default can be entered.

Hestres v. Clements, 21 Cal. 425; Gibson v. Smith, 1 Colo. 7; Samus v. Clark, 17 Ill. 398; Fish v. Wheeler, 31 Ill. App. 596; Kallenberger v. Perrin, 46 Ind. 282; Woodward v. Wons, 18 Ind. 296; Wright v. Howell, 24 Iowa 150; Kelly v. Downing, 42 N. Y. 71; Willamett Falls, etc., Co. v. Smith, 1 Oregon 181; Walla Walla Printing Company v. Budd, 2 Wash. Ter. 336; Louthan v. Caldwell, 52 Mo. 121; Irving v. Montgomery, 3 How. (Miss.) 191.

Under modern practice, a judgment final as by default, should not be taken as to a party where a demurrer has been sustained in the absence of a rule or order granting leave to plead over and the failure of the party to comply therewith.

Rollins v. Coggshall, 29 Iowa 510; Rainey v. Sanders, 4 Humple (Tenn.) 447.

Our Statutes so prescribe.

Subsec. 81 of sec. 2685, Compiled Laws of New Mexico 1897; also, subsec. 45 of sec. 2685, Compiled Laws of New Mexico 1897;

As to the eighth and ninth assignments of error appellant cites:

> Herron v. Robinson, 2 Pars. Eq. Cases, 284; Lynch v. Frigle, 11 Phila. 247; 33 Leg. Int. 408; Applied Wetmore, 91 Pa. 276; Warren v. Quade, 3 Wash. St. 750, 29 Pac. 827; Tacoma L. & M. Co. v. Wilson, 3 Wash. St. 786, 29 Pac. 829; Tacoma L. & M. Co. v. Wolff, 31 Pac. 753, 32 Pac. 462; U. S. S. L. & B. Co. v. Jones, 37 Pac. 666; Bolster v. Stocks, 43 Pac. 532; King v. Racon Co., 7 Mo. App. 410; Central Trust Co. v. Richmond, etc. Ry. Co., 54 Fed. 729; Coburn v. Stevens, 137 Ind. 683; 45 Am. St. Rep. 218; Carson v. White, 6 Gill (Md.) 17; Mitchell Planing Mill Co. v. Allison, 138 Mo. 50; McKinney v. White, 15 N. Y. App. Div. 423; 162 N. Y. 601; Russell v. Bell, 44 Pac. 47; Withrow L. Co. v. Glasgo I. Co., 101 Fed. 865;

After the court had given default judgment, defendant was entitled to a jury, as to the amount and value of claim of plaintiff, and jury was not waived.

> Subsec. 110 of sec. 2685, Compiled Laws 1897.

JOHN H. STINGLE for appellee.

Mechanics lien statutes being remedial in their nature, and equitable in enforcement, should be liberally construed.

> Ford v. Springer Land Asso., 8 N. M. 37; Springer Land Asso. v. Ford, 168 U. S. 524; 42 Law Ed. 562; Post v. Miles et al., 34 Pac. 586; Hobbs v. Speigelberg, 3 N. M. 222; Phil. Mech. Liens, p. 572.

And such statutes, though remedial, should be so construed as to effectuate their object.

> Springer Land Assoc. v. Ford, supra;

Flagstaff Silver M. Co. v. Cullins, 104 U. S. 176.

Repairs made at the instance of the lessee, with the knowledge of the owner, will subject the property to a lien. This action is based on secs. 2217 and 2226, Compiled Laws, New Mexico, 1897.

The New Mexico lien law was adopted from California, and the decisions of the Supreme Court of that State should be followed. Section 1192, Code Civil Procedure of California is identical with 2226 of our Statutes. The Supreme Court of California has construed this section.

Harlan et al. v. Stufflebeem, 87 Cal. 508, 25 Pac. 686; West Coast Lumber Company v. New Kirk, 80 Cal. 275, 22 Pac. 231; Phelps v. Mining Co., 49 Cal. 336; Tulfuay v. Stickney, 41 Cal. 583; Moore v. Jackson, 49 Cal. 109.

Section 9 of the Nevada statute is also identical with our section 2226, and the Supreme Court of that State makes a like construction.

Gould v. Wise 18 Nev. 253, 3 Pac. 30.

As to what interests are subject to the lien:

2 Jones on Liens, sec. 1276; see, also Post v. Miles et al., 34 Pac. 586.

The defendant had a right to waive and did waive a jury trial.

12 Ency. Pl. & Pr., 254; Wilson v. Light, 4 Ark. 158.

When, from the condition of the record, a waiver of a jury trial may be presumed:

12 Ency Pl. & Pr., 272; Heyman v. McBurney, 66 Ala. 511; State v. Craig, 58 Iowa 238; Barlow v. Scott, 24 N. Y. 40; White v. Morris, 107 N. Car. 92; Crump v. Thomas, 85 N. Car. 272; Kearney v. Case, 12 Wall. (U. S.) 275; State v. Larger, 45 Mo. 510.

Under what circumstances plaintiff may apply for judgment on the pleadings.

Estee's Pleadings, sec. 4604; Hydenfeldt v. Jacobs, 107 Cal. 373, Drew v. Pedlar, 87 Cal. 443; Simpson v. Prather, 5 Or. 86; Cal. St. Tel. Co. v. Patterson, 1 Nev. 151.

The non-disposition of the demurrer, not being objected to at the time of trial, is not such an irregularity as entitles the defendant to a new trial.

Calderwood v. Tevis, 23 Cal. 335.

An attorney's fee is but an incident to the judgment, and may be fixed by the court.

20 Am. & Eng. Ency. of Law (2 Ed.), 453; Rapp v. Spring-Valley Gold Co., 74 Cal. 332, 16 Pac. 325; Mulcahy v. Buckly, 100 Cal. 490; 35 Pac. 144; Pac. Mut. Life Ins. Co. v. Fisher 106 Cal. 224, 39 Pac. 758; Duckwall v. Jones, 156 Ind. 682; Title Guaranty Co. v. Wren, 35 Or. 62; 76 Am. St. Rep. 454.

The New Mexico statutes as to attorneys' fees is section 2229, Comp. Laws, New Mexico 1897. This statute was adopted from California.

Pac. Mut. Life Ins. Co. v. Fisher, 106 Cal. 224, 39 Pac. 758.

### OPINION OF THE COURT.

MILLS, C. J.—This is a suit brought to foreclose a mechanics' lien for work and labor done and the furnishing of materials used in repairing a house.   The work and labor was done and the materials furnished at the instance of one Dolly Monbars, lessee of the appellant, Mrs. Albright, who owned the property.   The evidence shows and the court below found, that the owner of the property knew that the materials were being furnished and the repairs being made, and that she did not post the notice on the property within three days required by section 2226 of the Compiled Laws of 1897, that she would not be responsible for the same.

To the complaint a demurrer was filed, of which it

will be necessary for us to consider only two of the grounds set up in it, to-wit:

(1)     That the notice of lien was defective, in that it did not contain a statement of the terms, time given, and condition of the plaintiff's alleged contract, and (2), that the alleged notice was not signed with the legal name of any person, it being signed by F. L. Pearce.

If the first ground of demurrer was true in fact the complaint should have been dismissed, but an examination of the lien discloses that it does contain a statement of the terms, time given, and condition of the contract. It shows that the contractor Pearce, on or about December 20, 1900, entered into a verbal contract with Dolly Monbars, the occupant of the premises, to perform the. labor and furnish the materials for the repair of the property in question for the sum of $200, and that afterwards, at her request, he did other work and furnished additional materials outside of the contract price to the extent of $14.25; and that all of said labor was done and materials furnished between December 20, 1900, and January 30, 1901. That payments were to be made as the work progressed, and the balance on the completion of the contract. That $122 had been paid on account, leaving a balance due of $92.25, after allowing all just credits and off-sets. This lien is sworn to by F. L. Pearce, and a statement of his account is attached thereto. We think that this notice of lien meets the objections raised by appellant.

As to the second ground of the demurrer the appellant does not produce a single authority to sustain his contention, that the notice of lien is bad, because when it was signed and verified, the appellee used the initials of his Christian name, instead of signing it in full. Christian and surnames are used to identify individuals, and to distinguish them from each other,

and the initials F. L. when the surname is written out in full sufficiently identifies the party using them.

We are aware that at common law a pleading describing parties by the initials only of their Christian names, was bad on special demurrer, but we think that this is not the modern rule, and that no written instrument should be regarded as a nullity, solely because the Christian name is designated by initials instead of being written out in full. Ferguson v. Smith, 10 Kan. 396. The use of initials only instead of writing out the Christian name of a person in any legal instrument is a practice not to be commended.

The court purposely overruled the demurrer, and after the overruling of the demurrer the defendant below (appellant herein) filed an answer, and the attorney for the appellee filed a motion to strike out the greater part of it, and a demurrer. This motion and demurrer were in one paper, and so far as the record shows were never acted on by the court, as the next step taken in the case, as shown by the transcript, was the hearing of evidence by the court. This hearing was on November 29th, and December 2, 1902. The evidence was gone into quite fully.

Two of the objections raised by the appellant are that the court below erred in hearing the cause and giving judgment while the motion to strike out parts of the answer and the demurrer to the answer were pending. This motion and the demurrer were not filed by appellant, but by the appellee, and by the failure of the court to pass upon them the appellant was not injured and can take no exception to the court's not having done so. The appellee alone could have objected to the action of the court in going to trial leaving this motion to strike out and the demurrer undisposed of. Orange County Fruit Exchange v. Hubbell, 10 N. M. 58; Bethel v. Matthews, 13 Wall. 1.

This case was tried by the court without a jury, neither party objecting or excepting, although both were present personally and by attorney, and presumably they wished for a hearing. Attorneys for each side examined and cross-examined the several witnesses placed on the stand, and after hearing the entire evidence the court found the issues in favor of the plaintiff. As no objection was taken or exception saved to proceeding with the trial without a jury, it is too late for the appellant to first raise the point on appeal to this court that the record does not show a jury was waived.

There is nothing in the objection that the court erred in giving judgment for attorneys' fees when there was no evidence introduced to show what was a reasonable attorney's fee. All the judges now on this bench have been practicing attorneys in the past, and they are presumed to know something as to the value of attorneys' fees. The value of attorneys' fees can be found by the court in the absence of any evidence on that point. Pac. Mutual Life Ins. Co. v. Fisher, 106 Cal. 224; Watson v. Sutro, 103 Cal. 169.

We incline to the opinion that the court below erred in ordering execution to issue against Frank E. L. Albright, if the property on which the lien attached, when sold did not bring enough to satisfy the judgment, for there is nothing in the record to show any personal liability on the part of Mrs. Albright. This error is however cured, by reason of the appellee having filed a disclaimer waiving any personal judgment against Mrs. Franc. E. L. Albright.

There is no error in the judgment complained of and the case is hereby remanded to the district court of Bernalillo county with instructions to modify the judgment heretofore entered in this cause so as to conform with the disclaimer filed by the defendant, and it is so ordered.

'Parker, and McFie,-JJ., concur.

Baker, A. J., having tried the case below, took no part in this decision.