(86 Misc. Rep. 52)

MENDETZ et al. v. S. N. WOOD & CO.

(Supreme Court, Appellate Term, First Department. June 18, 1914.)

1. SALES (§§ 62, 180*)—PARTIAL ACCEPTANCE—EFFECT.
   Where several lots of clothing were sold upon a single order and on one bill, and all delivered at one time, the contract was indivisible, and the acceptance by defendant of part of the goods constituted an acceptance of the whole.
   [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 171–179, 469–472; Dec. Dig. §§ 62, 180.*]

2. EVIDENCE (§ 21*)—JUDICIAL NOTICE—CUSTOM—VALIDITY—CONTRAVENTION OF RULE OF LAW.
   Judicial cognizance cannot be taken of a custom of the trade that parts of a single shipment might be returned, if they did not conform to agreement, because such custom contravenes an established rule of law.
   [Ed. Note.—For other cases, see Evidence, Cent. Dig. § 25; Dec. Dig. § 21.*]

Appeal from City Court of New York, Trial Term.

Action by Harry J. Mendetz and another against S. N. Wood & Co. Judgment for defendants, and plaintiffs appeal. Reversed, and new trial granted.

Argued June term, 1914, before SEABURY, BIJUR, and PAGE, JJ.

Morris & Samuel Meyers, of New York City (Samuel Meyers and Henry Swartz, of New York City, of counsel), for appellants.

Stephen Van Wyck, of New York City, for respondents.

BIJUR, J. Plaintiffs, upon a single order and on one bill, including all the items, sold defendants several lots of clothing. Plaintiffs de-

livered them all at one time. Defendants retained the major portion, but returned one entire lot and a part of items out of every other lot, claiming that they were not as agreed.

[1] The chief point raised by plaintiffs appellants is that the contract was a whole and indivisible, and that the acceptance by defendants of part of the goods constituted an acceptance of the whole. The learned judge below, in a memorandum on the denial of the motion for a new trial, cites Ming v. Corbin, 142 N. Y. 334, 37 N. E. 105, as justifying the application of the contrary doctrine; but I find nothing in that case to warrant that view. On the contrary, the doctrine seems to be well recognized in that case; but the conduct of the parties, and particularly their communications, are held to have indicated plainly an intention to separate the two classes of securities there sold. Furthermore, even by the original contract they were to have been delivered at entirely different times.

[2] Defendants in the case at bar sought to overcome the application of the doctrine of a single contract, by offering evidence—which was duly objected to—of a custom of the trade that parts of a single shipment might, if they did not conform to agreement, be returned. Apart from the fact that, on the record, the custom was not sufficiently proved, it was not, I think, a custom of which judicial cognizance can be taken, because it would contravene an established rule of law. See Hopper v. Sage, 112 N. Y. 530, 20 N. E. 350, 8 Am. St. Rep. 771.

Judgment reversed, and new trial granted, with costs to appellants to abide the event. All concur.