[No. 3433. June 10, 1930.]

JAMISON v. SHELTON.

[289 Pac. 593.]

Robert H. LaFollette, of Albuquerque, for appellant.

Raymond R. Ryan, of Albuquerque, for appellee.

OPINION OF THE COURT

SIMMS, J.

Appellant complains of the action of the trial court in instructing a verdict against him. He says there was an issue of fact for the jury. The suit was for $300 and involved a question of the reasonable value of an attorney's services in a divorce case. The attorney testified that the client came to his office sixteen times, on eight of which occasions he saw the attorney in person and took up a considerable amount of his time, and on the other eight occasions he saw an office clerk. It was also in evi-

dence that the attorney spent over thirty hours investigating the law applicable to the case, which was made somewhat difficult by reason of the fact that a division of the community property was involved, and the client claimed that the property had been purchased with the proceeds of his pension, which necessitated an investigation as to whether or not property so acquired was separate estate. An answer and cross-complaint were filed, but before trial the parties settled their differences, resumed their marital relations, and the case was dismissed. Members of the bar, of high standing, gave expert testimony to the effect that in their opinion the services rendered were worth from $300 to $500. The defendant denied that he had ever seen the attorney in person about the matter, but said that he did all of his business with an office clerk who assured him that the answer and cross-complaint would be prepared and filed for a fee not to exceed $25. He also swore that he said nothing about the pension matter and did not discuss the question of property rights in any way, and that the attorney never made a charge of $300 against him before the suit was filed, but, on the contrary, sent him a bill for $200 for the work, which bill he disputed and refused to pay. No expert testimony as to value of the services was introduced by the defendant. The trial judge, being the same before whom the pleadings in the divorce case had been filed, on motion of the plaintiff, held that failure of the defendant to offer testimony as to the value of the services, coupled with the court's special knowledge of the proceedings in the divorce suit, required the giving of a peremptory instruction for $250, which the court considered a proper fee.

There was an issue as to a material fact in the case, and it should have gone to the jury. Time consumed in such a matter, both in interviews with the client and in the preparation of the case, is one of the essential elements to be considered in arriving at the reasonable value of the services. Williams v. Dockweiller, 19 N. M. 623, 145 P. 475. There was a sharp conflict in the testimony relative to this phase of the matter.

The fact that the defendant introduced no expert testimony as to the value of the services did not justify

or permit the direction of a verdict. Such expert testimony on the part of the plaintiff is purely opinion evidence and not testimony as to facts and is not conclusive, even when uncontradicted. Steele v. Hammond, 136 App. Div. 667, 121 N. Y. S. 589, 2 R. C. L. "Attorneys at Law" par. 147; 6 C. J. "Attorney and Client" p. 765.

Appellee claims that, where the services are performed under the eye of the court, the value thereof can be fixed by the court without the aid of testimony. Perea v. Harrison, 7 N. M. 677, 41 P. 529; Armijo v. Mountain Electric Co., 11 N. M. 249, 67 P. 743; Pearce v. Albright, 12 N. M. 202, 76 P. 286; Merrick v. Deering et al., 30 N. M. 431, 236 P. 735. · But in the case at bar the services of the attorney were not performed in the presence of the court, and the mere fact that a pleading was filed in a case which never came to trial could give the court no idea of the time consumed or work done by the attorney in his office for which the bill was rendered.

It follows that the judgment should be reversed and the cause remanded for a new trial, and it is so ordered.

PARKER and CATRON, JJ., concur.

BICKLEY, C. J., and WATSON, J., did not participate.