603 P.2d 1097

**Robert BUDAGHER, Sheriff of Sandoval County, Trustee for and on behalf of H. E. Leonard, Winona Leonard, and Leonard Motor Company, beneficiaries, and H. E. Leonard, Winona Leonard and Leonard Motor Company, Individually, Plaintiffs-Appellees,**

**v.**

**SUNNYLAND ENTERPRISES, INC., John E. Kinscherff and County of Sandoval, Defendants-Appellants.**

**No. 12318.**

Supreme Court of New Mexico.

Dec. 17, 1979.

Poole, Tinnin & Martin, Paull Mines, Douglas Seegmiller, Albuquerque, for defendants-appellants.

Gallagher & Walker, Peter E. Gallagher, Dale B. Walker, Jr., Albuquerque, for plaintiffs-appellees.

## OPINION

FRANCHINI, District Judge.

This matter comes before this Court for a second time. The first decision in this case is reported in 90 N.M. 365, 563 P.2d 1158 (1977). In that decision this Court held that the trial court abused its discretion in refusing to consider evidence concerning reasonableness of attorney's fees in the sum of $45,399.23 awarded as a result of a foreclosure suit. That decision noted that a provision in a mortgage note for a 10% attorney's fee would entitle the mortgagor only to a reasonable fee with 10% as the upper allowable limit. The case was remanded to the trial court for a hearing on the reasonableness of the fee; a hearing was held and the sum of $45,399.23 was again set by the court below. This second appeal resulted.

A determination of the first issue presented on this appeal is dispositive of this case.

The issue is whether or not the trial court abused its discretion, after a hearing, in allowing attorney's fees in the amount of $45,399.23. We find no abuse of discretion.

The recent case of Fryar v. Johnsen, 93 N.M. 485, 601 P.2d 718 (1979) set out several factors to be considered in determining the reasonableness of a fee. These include:

(1) the time and labor required, the novelty and difficulty of the questions involved and the skill requisite to perform the legal service properly;

. . . . .

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

. . . . .

(7) the experience, reputation and ability of the lawyer or lawyers performing the services;

Id. at 487, 601 P.2d at 720.

A reading of the record in this case convinces us that the trial court considered all of these factors.

Neither the record nor the briefs in this case show an abuse of discretion on the trial court's part. The award of attorney's fee in this case is not excessive considering the factors set out above.

We affirm.

IT IS SO ORDERED.

EASLEY and FEDERICI, JJ., concur.