630 P.2d 275

**Fred JOHNSEN, Plaintiff-Appellee,**

v.

**Danny L. FRYAR, d/b/a Fryar Logging, Defendant-Appellant.**

**No. 4477.**

Court of Appeals of New Mexico.

Oct. 2, 1980.

Writ Quashed June 25, 1981.

J. E. Casados, Gallagher, Casados & Martin, Albuquerque, for defendant-appellant.

Turner W. Branch, Branch, Perkal & Associates, P. A., Albuquerque, for plaintiff-appellee.

OPINION

WOOD, Chief Judge.

In the first appeal, *Fryar v. Johnsen*, 93 N.M. 485, 601 P.2d 718 (1979), the Supreme Court set forth the factors to be considered in awarding an attorney fee to plaintiff in a workmen's compensation case and remanded "to the trial court for consideration of the factors outlined ... and for making findings of fact and conclusions of law on the issue of attorney fees awarded at trial." The trial court again awarded an attorney fee of $11,435.75. Defendant appeals. The issues group into: (1) procedural matters; (2) evidence presented to the trial court after remand; (3) sufficiency of the evidence; and (4) disposition of the appeal.

1. *Procedural Matters*

(a) The Evidence Requirement

In remanding for findings and conclusions, *Fryar v. Johnsen*, supra, stated: "[W]e reiterate the need for evidentiary support for fees awarded by a trial court." This is neither a new nor unusual requirement.

■ *Bank of Dallas v. Tuttle*, 5 N.M. 427, 23 P. 241, 7 L.R.A. 445 (1890) stated that when the amount of the fee was not fixed, proof was required to establish the reasonableness of the fee. Where a contract fixes the amount of the fee, the fee, nevertheless, is to be reasonable, not exceeding the amount agreed upon. *Budagher v. Sunnyland Enterprises, Inc.*, 90 N.M. 365, 563 P.2d 1158 (1977). On the basis that the judge was presumed to know something as to the value of an attorney's services, *Pearce v. Albright*, 12 N.M. 202, 76 P. 286 (1904) stated that the value could be found by the court in the absence of evidence. *Pearce*, however, was limited to "services ... performed under the eye of the court" in *Jamison v. Shelton*, 35 N.M. 34, 289 P. 593 (1930). *Van Orman v. Nelson*, 78 N.M. 11, 427 P.2d 896 (1967) states: "It is fundamental that the attorney has the burden of proving the

value of services rendered by him and for which he claims payment or credit." In determining the value of services, the court could consider the interest of the attorney in weighing the attorney's testimony and "could likewise apply the court's own experience and knowledge of the character of services involved." *Van Orman*, supra.

*Jamison*, supra and *Van Orman*, supra, are not inconsistent; the judge's personal knowledge as to the services rendered may be considered. This does not weaken the requirements that the trial court must make findings concerning the fee awarded and that there must be evidentiary support for the findings made.

### (b) Whether Evidence Could be Taken at the Hearing After Remand

*Fryar v. Johnsen*, supra, reviewed the evidence in the trial record and held that the evidence did not support the fee awarded. Defendant contends that at the hearing after remand plaintiff presented no additional evidence. Plaintiff responds that the trial court had no jurisdiction to hold an evidentiary hearing after remand.

The trial court had only such jurisdiction as the opinion and mandate specified. *Genuine Parts Co. v. Garcia*, 92 N.M. 57, 582 P.2d 1270 (1978). The order of the Supreme Court returning the record to this Court stated that the cause had been remanded "to the District Court for proceedings on the issue of attorney fees . . . ." The mandate of this Court remanded for proceedings consistent with the Supreme Court's decision. Plaintiff is correct in asserting that neither the Supreme Court order nor our mandate recited that the trial court, upon remand, had jurisdiction to take evidence on the question of the attorney fee. We must, therefore, look to the Supreme Court's opinion. *Genuine Parts Co.*, supra.

The Supreme Court opinion does not specify that the trial court, upon remand, could take evidence on the question of the fee to be awarded. The opinion did, however, hold that the evidence in the record was insufficient and outlined the factors to be considered; it "reiterated" that there

must be evidentiary support for the fee awarded. The Supreme Court remanded for consideration of the factors outlined and for entry of findings and conclusions. The meaning of the Supreme Court opinion is obscure, and must be construed to determine the intention of the Supreme Court. *Hollingsworth v. Hicks*, 57 N.M. 336, 258 P.2d 724 (1953).

■ We hold that the Supreme Court intended to, and did, confer jurisdiction upon the trial court to take evidence on the factors which the Supreme Court directed the trial court to consider. We find this intent in the holding that the evidence in the record did not support the fee award which had been made, the emphasis that there must be evidence to support the findings to be made, and the direction to consider the factors outlined by the Supreme Court in making findings. Inasmuch as the then existing evidence was held to be insufficient, it would not have been made sufficient by relating that evidence to the factors to be considered. If the trial court lacked jurisdiction to take evidence at the hearing on remand, then nothing has changed and the evidence held to be insufficient by the Supreme Court is still insufficient to support the fee awarded.

### (c) Identification of Evidence Presented at the Hearing on Remand

Plaintiff submitted the affidavit of attorney Richard Ransom at the hearing on remand. Defendant contends this affidavit was improperly admitted. At this point we do not consider whether the admission of the affidavit was proper. Our point, simply, is that once the affidavit was submitted and admitted, it became evidence.

Plaintiff also requested the trial court to take judicial notice of three items and the trial court did so. At this point we do not consider whether judicial notice was proper and we do not consider the effect of the judicial notice taken. We note, simply, that an item judicially noticed is evidence.

Evidence Rule 201 provides for judicial notice of adjudicative facts. Our rules

were based on the proposed rules of evidence for United States courts. The Advisory Committee's Note to the proposed federal rules states, see 1 Weinstein's Evidence, page 201–4, that "[a]djudicative facts are simply the facts of the particular case." The Note continues:

The usual method of establishing adjudicative facts is through the introduction of evidence, ordinarily consisting of the testimony of witnesses. If particular facts are outside the area of reasonable controversy, this process is dispensed with as unnecessary. A high degree of indisputability is the essential prerequisite.

We consider this evidence in the second issue.

(d) The Trial Court's Findings

Plaintiff's requests for judicial notice were made known to the trial court by including them within plaintiff's requested findings and conclusions, and by reading the requested findings and conclusions to the trial court. During argument of counsel as to the sufficiency of the evidence to support an award of an attorney fee, defendant asked for an opportunity to submit requested findings and conclusions on behalf of defendant. After the arguments were concluded, the trial court remarked on the custom to award the fee on a percentage basis. The following then occurred:

The Court will also adopt the Requested Findings and Conclusions submitted by the Plaintiff as the Court's own Findings and Conclusions.

MR. CASADOS: May we have the opportunity to submit ... Findings and Conclusions?

THE COURT: Certainly.

Thereafter, plaintiff submitted his written requested findings and conclusions in open court.

The foregoing shows that after plaintiff's requested findings were read to the trial court, before plaintiff's requests were submitted in writing, see R.Civ.Proc. 52(B)(1)(f), and before defendant had opportunity to submit requested findings, the trial court announced that it would adopt plaintiff's requests.

The document subsequently entered, entitled "Court's Findings of Fact and Conclusions of Law", is almost a verbatim copy of plaintiff's requested findings and conclusions.

In *Mora v. Martinez*, 80 N.M. 88, 451 P.2d 992 (1969) the trial court adopted the requested findings and conclusions of plaintiff. In remanding for proper findings and conclusions, the Supreme Court stated it would "insist on the exercise of an independent judgment on the part of the trial judge in making his own findings of fact rather than adopting those of one of the parties." We do not believe that the failure of the Supreme Court to refer to this requirement in *United Nuclear Corp. v. General Atomic Co.*, 93 N.M. 105, 597 P.2d 290 (1979) indicates that the requirement has been abandoned.

*Jesko v. Stauffer Chemical Company*, 89 N.M. 786, 558 P.2d 55 (Ct.App.1976) recognized that findings of the trial court "in the language submitted by the parties does not show an absence of independent judgment by the trial court." Here, there is more than findings in the language used in plaintiff's requested findings. The trial court announced it would adopt plaintiff's requested findings after hearing them read, but before either party had submitted written requested findings. The findings of the court show that this announcement was carried out.

■ There was no independent judgment of the trial court; our discussion in the third issue of Factors 1, 2 and 5 illustrates this absence of independent judgment. The findings of the trial court not being the independent judgment of the trial court, the fee award based on those findings cannot stand.

■ (e) In arguing the insufficiency of the evidence to support the fee awarded, defendant's brief-in-chief refers to evidence in the record of the first appeal. Surprisingly, plaintiff argues that this evidence cannot be reviewed because "Defendant did not request that the transcript of the trial

be included on this appeal ...." Plaintiff's argument is surprising because if this evidence is not to be considered, then there is less evidence to support the fee awarded. However, plaintiff's argument is without merit. The record of the first appeal is a part of the records of this Court; we judicially notice our own records. *State v. Deats*, 83 N.M. 154, 489 P.2d 662 (Ct.App. 1971); see *Wells Fargo Bank v. Dax*, 93 N.M. 737, 605 P.2d 245 (Ct.App.1979).

## 2. *Evidence at the Hearing on remand*

(a) Defendant objected to the admission of the affidavit of attorney Ransom because by introducing the affidavit rather than calling Ransom as a witness, "I have not had an opportunity to cross examine Mr. Ransom ...." We agree that the opportunity for cross-examination was denied. In addition, there is nothing showing a basis for admissibility of the affidavit. *See State v. Lunn*, 82 N.M. 526, 484 P.2d 368 (Ct.App. 1971).

The impropriety of admitting the affidavit does not aid the defendant because the trial court's remarks from the bench and the trial court's findings establish that the contents of the affidavit played no part in the fee award. Two illustrations: (1) The affidavit states Ransom's personal knowledge that attorney Branch devotes the majority of his practice to representing plaintiffs in personal injury cases and workmen's compensation cases, that attorney Branch belonged to and was active in lawyer organizations devoted to the claimant's side of the case, and that attorney Branch had attended numerous seminars and workshops. These comments had some bearing on the experience of Branch. The trial court's finding as to Branch's experience is not based on the affidavit, but upon judicial notice. (2) The affidavit expressed an opinion that the attorney fee should be a percentage of the present value of the award. Again, the trial court made no use of the affidavit. The trial court took judicial notice that a percentage award was a customary fee, it neither found nor concluded that a percentage award was, or should be, a basis for a fee award, only that it was customary.

We do not consider the affidavit further.

(b) The three items judicially noticed were (1) "the ability, skill, experience and representation of plaintiff's primary counsel, Turner W. Branch"; (2) "the fee customarily charged and obtained in workmen's compensation actions in this locale is between fifteen and twenty percent of the total present value of the award; and that it is the custom and practice in the Thirteenth Judicial District to award fifteen percent of the total present value in settlements, and twenty percent if the matter is tried"; and (3) "the present rate of inflation, as reflected in the increase in the consumer price index, of approximate[ly] 12% per annum." Defendant contends that none of these items were items that could be judicially noticed, as the items noticed are worded. We tend to agree, but do not decide this question. Evidence Rule 201(b) states:

> (b) *Kinds of facts.* A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the community, or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned, or (3) notice is provided for by statute.

The trial court could properly notice that attorney Branch represented the plaintiff, but is Branch's ability, experience and skill not subject to *reasonable* dispute? The trial court cold properly notice that the country is suffering from inflation. Assuming the rate of inflation, as shown by the consumer price index, is twelve percent per annum, is this rate not subject to reasonable dispute? Compare *Rozelle v. Barnard*, 72 N.M. 182, 382 P.2d 180 (1963). A fee customarily awarded in compensation cases may not be subject to reasonable dispute, but such adds nothing if the custom is contrary to law. *Ozier v. Haines*, 411 Ill. 160, 103 N.E.2d 485 (1952); *Mendetz v. Wood*, 86 Misc. 52, 148 N.Y.S. 92 (1914); see *Standley v. Knapp*, 113 Cal.App. 91, 298 P. 109 (1931).

We do not decide whether the items were properly noticed because defendant did not object to the request for judicial notice and did not ask to be heard on the question of whether judicial notice was proper. See Evidence Rule 201(e). The question is not whether judicial notice was proper; the question is the effect of the items judicially noticed.

The trial court noticed the ability, skill and experience of attorney Branch. What ability, what skill, what experience? We do not know. We do not know whether the trial court considered the ability and skill to be good, bad or indifferent. *Frost v. Markham*, 86 N.M. 261, 522 P.2d 808 (1974) states that "if judicial notice is taken . . . there should be a clear delineation in the record as to what is being noticed." *Weinstein*, supra, page 201–44 states: "The judge should include all facts that he has judicially noted in his findings of fact." Not knowing what ability, skill or experience was noticed, this item of judicial notice contributes nothing in support of the fee awarded.

The trial court noticed the custom of awarding an attorney fee of twenty percent of the total value of a compensation award if the matter was tried. This custom is contrary to law. Section 52–1–54, N.M.S.A. 1978 makes it unlawful to receive a fee in connection with a compensation claim "except as hereinafter provided". The provision applicable in this case is § 52–1–54(D) pertaining to the collection of compensation in court proceedings. Section 52–1–54(D) does not authorize a fee award based on the percentage of recovery; the authorization for an attorney fee in § 52–1–54(D) "is not based on the contingent fee standard." *Trujillo v. Tanuz*, 85 N.M. 35, 508 P.2d 1332 (Ct.App.1973).

Section 52–1–54(D) sets forth factors which "must" be considered in awarding an attorney fee, called mandatory factors in *Keyser v. Research Cottrell Company*, 84 N.M. 173, 500 P.2d 997 (Ct.App.1972), and called statutory requirements in Fryar v. Johnsen, *supra*. The "except as hereinafter provided" language in the opening paragraph of § 52–1–54 suggests that the statutory requirements are exclusive, but they have never been so considered; instead Fryar v. Johnsen, *supra*, lists factors to be considered "in addition to the statutory requirements . . . ."

None of the additional factors listed in *Fryar v. Johnsen*, supra, authorize the fee award to be based on a percentage of the recovery. The claim that the additional factor—"the fees normally charged in the locality for similar legal services"—authorizes an award based on a percentage of recovery is incorrect. The "fee normally charged" factor means the fee normally charged for services. The services are identified in *Fryar v. Johnsen*, supra. Thus, the fee normally charged factor means—how much is normally charged for filing a one page complaint, how much is normally charged for filing requests for admissions, how much is normally charged for a trial of less than one day, etc.

Because a fee based on a percentage of the award is not authorized either by § 52–1–54(D), supra, or by the additional factors listed in *Fryar v. Johnsen*, supra, judicial notice of a custom to award such a fee was judicial notice of a custom contrary to law. Accordingly, this custom contributes nothing in support of the fee awarded. In so holding we acknowledge that Judge Lopez, in *Marez v. Kerr-McGee Nuclear Corp.*, 93 N.M. 9, 595 P.2d 1204 (Ct.App. 1978), stated: "[W]e cannot say as a matter of law that the trial court abused its discretion merely because its award was based on a percentage figure." Neither Judge Sutin's special concurrence nor Judge Hernandez' dissent in *Marez*, joined in Judge Lopez' comment and that comment, therefore, was not a decision of the Court of Appeals. *Casias v. The Zia Company*, 616 P.2d 436 (Ct.App.1980).

The seeming support for a percentage award in *Elsea v. Broome Furniture Co.*, 47 N.M. 356, 143 P.2d 572 (1943); *Gallegos v. Duke City Lumber Co., Inc.*, 87 N.M. 404, 534 P.2d 1116 (Ct.App.1975); and *Salazar v. Kaiser Steel Corporation*, 85 N.M. 254, 511 P.2d 580 (Ct.App.1973), is an illusion. In

each of these three cases there was a reference to a percentage award; however, in each case, the award was upheld because of evidence going to factors outlined in *Fryar v. Johnsen*, supra.

At the conclusion of the hearing after remand, the only additional evidence to be considered on the issue of the fee award was the judicially-noticed fact of a twelve percent rate of inflation.

### 3. *Sufficiency of the Evidence*

█ In this discussion we correlate the factors to be considered pursuant to *Fryar v. Johnsen*, supra, the trial court's findings (there being no distinction between plaintiff's requested findings and the trial court's findings) and the evidence applicable either to the factor or the finding. We number the factors for convenience in summarizing this discussion.

Factor 1—the three offers identified in § 52–1–54(D), supra. The trial court found no offers were made. There is no evidence to support this finding, however, the finding is not challenged and therefore is a fact in this appeal. *H. T. Coker Const. Co. v. Whitfield Transp., Inc.*, 85 N.M. 802, 518 P.2d 782 (Ct.App.1974).

Factor 2—the statutory requirement to consider the present value of the award. The trial court found a present value of $59,623.92. There is no evidence to support this finding. "Present value" is first referred to in the answer brief of the first appeal. The present value found by the trial court, according to that brief, includes past benefits, medical expenses and the present value of future benefits.

The Supreme Court opinion stated that present value, exclusive of medical and incidental expenses, was $53,306.86. See 93 N.M. at 487, 601 P.2d 718. The Supreme Court figure seems also to have been taken from the answer brief of the first appeal. That answer brief arrived at present value by applying a five percent discount rate to the face value of 545 weeks of future benefits. Section 52–1–54(D), supra, says nothing as to how present value is to be computed. Having been enacted prior to the five

percent reference in § 52–1–30(B), N.M.S.A. 1978, the determination of present value is not controlled by the five percent reference in § 52–1–30(B), supra.

Is a five percent discount rate factually correct in light of current interest rates? Is "present value" to be figured on the basis of the face value of an award which includes future benefits but which is subject to change every six months under § 52–1–56(A), N.M.S.A.1978? We do not answer these questions because the trial court's finding of present value is not challenged and, therefore, is a fact in this appeal. However, because of an absence of evidence as to "present value" we express neither agreement nor disagreement with Judge Lopez' views on present value stated in *Marez v. Kerr-McGee Nuclear Corp.*, supra. See 93 N.M. at 16, 595 P.2d 1204.

Factor 3—the chilling effect of miserly fees upon the ability of an injured workman to obtain adequate representation. The trial court adopted this factor as a finding. This is not a matter to be found as a fact, this is a matter of policy, as *Fryar v. Johnsen*, supra, makes clear. The policy applies to all the findings, but a finding as to this policy adds nothing, in itself, to whether the evidence supports the award.

Factor 4—the time and effort expended by the attorney. Plaintiff introduced no evidence directed to this factor. The trial court found that "substantial" time and effort were expended "[b]ases [sic] on the presentation of this action". *Fryar v. Johnsen*, supra, summarizes what the record shows as to time and effort—a one page complaint, two sets of requests for admissions, a motion directed to one of the admission requests, no depositions, no interrogatories, no requested findings and conclusions, a trial of less than a full day involving eight witnesses. This is evidence of some time and effort, but this time and effort cannot be characterized as substantial.

Factor 5—the extent to which the issues were contested. The trial court found that all issues, including the accident, notice, dis-

ability and causation were contested. This is not completely accurate. Plaintiff claimed a compensable injury occurred on January 14, 1977. The answer denied a compensable injury on that date. In answer to requests for admissions, defendant admitted an accidental injury on the January date, but denied a request to admit an additional injury on March 18, 1977. In his opening statement at trial, plaintiff stated he was "not specifically making a claim of a later accident". Thus there was no contest concerning the accident on which plaintiff relied for compensation.

At trial there was a small amount of testimony relating to actual notice and to plaintiff's average weekly wage. The testimony shows the basic contest, however, went to disability and to whether disability was caused by the January accident.

Although the trial court's finding is not totally correct, there is evidence to support the portion of the finding that notice, disability and causation were contested at trial.

Factor 6—the novelty and complexity of the issues involved. The trial court found: "Issues were presented, including the claim that the disability was cause [sic] by subsequent injury, which made trial herein more complex and novel than the majority of compensation actions before this Court." This finding is not supported by the evidence; the issues were neither novel nor complex. There was one medical witness who testified to the condition of plaintiff's back, who gave an opinion as to disability and causation and who justified the charges of various doctors. The total medical testimony is 45 pages. When a compensation suit is tried, disability and causation are standard and, commonly, the only issues litigated.

Factor 7—the fees normally charged in the locality for similar legal services. The trial court made no finding concerning normal charges for the services rendered. See the Factor 4 discussion for similar services rendered. See also the discussion concerning percentage awards in the second issue for the meaning of fees normally charged.

Factor 8—the ability, experience, skill and *reputation* of the attorney, see 93 N.M. 488, 601 P.2d 718. Defendant agreed that attorney Branch had a good reputation. The trial court made no finding as to reputation. The trial court judicially noticed that attorney Branch had some ability, experience and skill, but did not notice the quality of that ability, experience and skill. This finding is no more than a finding that Branch has ability, experience and skill of an undetermined degree.

Factor 9—the relative success of the workman in the court proceeding. The trial court found that plaintiff prevailed on all issues and obtained all results possible under the compensation act. This finding is not challenged.

Factor 10—the amount involved. We assume this means the amount involved in the attorney fee issue, else it would be a duplication of Factors 2 and 9. The amount of the fee does not correlate with a finding, but with the conclusion as to the amount of the fee. Thus this factor does not involve evidence but involves findings on which the conclusion is based. Compare Factor 3.

Factor 11—the rate of inflation. The trial court judicially noticed a twelve percent inflation rate per annum. Although this finding is challenged, the unobjected-to judicial notice, discussed earlier in the opinion, is sufficient support for this finding.

There was an additional finding which does not correlate with any factor; it involved judicial notice of a customary award of a percentage of the award, which was contrary to law.

We summarize; the numbers refer to factors. An attorney of good reputation (8), who presented no evidence of his ability, experience or skill (8) and no evidence, apart from the trial record of the time and effort he expended (4), recovered maximum compensation benefits (9) for the workman after a less than one day trial, involving eight witnesses (4). The trial had contested issues of notice, disability and causation (5), but these issues were neither novel nor complex (6). There is neither evidence nor

finding as to the normal charge for similar services which the record shows attorney Branch performed in this case (7). Defendant had made no settlement offers (1); the present value of the total anticipated award was $59,623.92 (2) at a time the inflation rate was twelve percent per annum. This evidence does not support an award of fees of $11,435.75.

### 4. *Disposition of the Appeal*

█ Defendant contends that because of the number of times the issue of an attorney fee has already been considered in this case, that we should hold that plaintiff has forfeited his right to an attorney fee. We disagree. The evidence shows that plaintiff is entitled to a fee award. See § 52–1–54(D), supra. Defendant also asserts: "One thing it [this Court] ought not to do is remand this case again." This raises the question of the appropriate disposition.

The fee award is to be fixed by "the court trying the same". Section 52–1–54(D), supra. Where, as in this case, the fee awarded is not supported by substantial evidence, the usual procedure is to remand the matter to the trial court. The reason is stated in *Keyser v. Research Cottrell Company,* supra:

> We do not, under the circumstances of this case, believe that this court should make such an attorney's fee award. Rather it is our function to see that the trial court considers those matters set forth in the statute and only then can we determine whether there was an abuse of discretion on the part of the trial court. *Ortega v. New Mexico Highway Department,* 77 N.M. 185, 420 P.2d 771 (1966). The matter should be left with the trial court since it has superior knowledge of the matters at hand. See *Scott v. Transwestern Tankers, Inc.,* 73 N.M. 219, 387 P.2d 327 (1963).

The Supreme Court, in the first appeal, remanded to the trial court for findings of fact as to the fee awarded. The findings of fact entered after an evidentiary hearing are not supported by substantial evidence. After two opportunities to present evidence in support of the fee award, plaintiff is not entitled to a third opportunity to do so. Under these circumstances it can no longer be said that the trial court has superior knowledge on the matter of the fee to be awarded, and the usual procedure is not applicable.

Inasmuch as the evidence does not support the award, and inasmuch as the trial court's finding concerning an award based on a percentage of the recovery shows a mistaken basis for the award, the appropriate disposition is to view the award in terms of excessiveness. See *Gonzales v. General Motors Corporation,* 89 N.M. 474, 553 P.2d 1281 (Ct.App.1976).

We summarized the evidence supporting a fee award in concluding our discussion of the third issue. In the light of that evidence, the award is excessive by $7,000. If, within ten days from the date of this decision, plaintiff will file a remittitur with the clerk of this Court in the sum of $7,000 from the award of $11,435.75, the fee award will be affirmed for $4,435.75 from February 7, 1978, which is the date of the judgment in the trial court. If the remittitur is not filed within the ten-day period, then the judgment on remand, which awarded attorney fees, will be reversed and the cause remanded for new findings and conclusions consistent with this opinion in connection with the attorney fee. If the cause should be remanded, no evidence, other than that presently contained in the record, is to be considered.

IT IS SO ORDERED.

HERNANDEZ, J., concurs.

LOPEZ, J., dissents.

LOPEZ, Judge (dissenting).

I respectfully dissent.

The issue, as I view it, is whether the district court abused its discretion in awarding attorney's fees in the amount of $11,435.75, after a hearing. I believe that it did not.

The district court, in determining a reasonable attorney's fee in a workmen's com-

pensation case, is to consider: (1) the sum, if any, offered by the employer within a certain time period and (2) the present value of the award to the workman. Section 52–1–54(D), N.M.S.A.1978. In ordering remand in the case before us, the Supreme Court further elaborated criteria to be considered by the district court in setting the attorney's fee.

> [I]n addition to the statutory requirements, the following factors are subject to consideration: the chilling effect of miserly fees upon the ability of an injured workman to obtain adequate representation; the time and effort expended by the attorney; the extent to which the issues were contested; the novelty and complexity of the issues involved; the fees normally charged in the locality for similar legal services; the ability, experience, skill and reputation of the attorney; the relative success of the workman in the court proceeding; the amount involved; and the rate of inflation.

*Fryar v. Johnsen*, 93 N.M. 485, 488, 601 P.2d 718, 721 (1979). The case was remanded for consideration of these factors and for making findings of fact and conclusions of law on the issue of attorney's fees.

The district court made findings and conclusions on the issue after a hearing. The record indicates that it considered all of the factors specified by the Supreme Court. Neither the record nor the briefs show that the district court abused its discretion.

The defendant argues that the Supreme Court remanded for an evidentiary hearing, and that since no new evidence was presented to the court, it failed to comply with the Supreme Court's order. I believe, however, that the Supreme Court did not intend for the parties to go to the time and expense of putting on opposing witnesses to determine the reasonableness of the attorney's fees. Rather, I think the Supreme Court merely wanted the district court to make findings and conclusions which would indicate the basis for its award, and to consider the award in light of certain factors. This the district court did. *See generally, Budagher v. Sunnyland Enterprises, Inc.*, 93 N.M. 640, 603 P.2d 1097 (1979).

The defendant objects that the district court erred in taking judicial notice of the present rate of inflation, of the fee customarily charged in workmen's compensation actions in the locale, and of certain other facts. However, no objections to the taking of judicial notice of these and other facts was made at the hearing. An issue raised for the first time on appeal will not be considered by this court. *Phillips v. United Service Automobile Ass'n*, 91 N.M. 325, 573 P.2d 680 (Ct.App.1977). These objections need not be considered.

The defendant also objects to the district court's admission of an affidavit by a workmen's compensation attorney practicing in the locale which stated that attorney's fees of between fifteen and twenty percent of the present value of the total award is customary in workmen's compensation cases. I believe that the affidavit was proper. *See*, 3 Am.Jur.2d *Affidavits* § 28 (1962). However, the issue need not be decided, since, even without the affidavit, the district court had substantial basis on which to make its award.

The defendant objects to the finding that substantial time and effort were expended by plaintiff's attorney. The objection is based on the attorney's failure to submit a time sheet detailing the number of hours he worked on the case. This court has stated before that the amount of work is not determinative of the size of the fees awarded the plaintiff's attorney in a workmen's compensation case. *Lamont v. New Mexico Military Institute*, 92 N.M. 804, 595 P.2d 774 (Ct.App.), *cert. denied*, 92 N.M. 675, 593 P.2d 1078 (1979); *Marez v. Kerr-McGee Nuclear Corp.*, 93 N.M. 9, 595 P.2d 1204 (Ct. App.1978), *cert. denied*, 92 N.M. 532, 591 P.2d 286 (1979); *see generally, Maes v. John C. Cornell, Inc.*, 86 N.M. 393, 524 P.2d 1009 (Ct.App.1974). The amount of work done is merely one factor to be considered. *Fryar*, 93 N.M. 485, 601 P.2d 718. The district court based its finding that plaintiff's counsel had expended substantial time and effort on the case on its own observation of counsel's presentation of the case at trial. This was a sufficient basis for the finding.

Based on its experience in presiding over the trial, the district court found that the issues presented made the trial more complex than the majority of compensation actions before it. I believe the experience of the judge is a sufficient basis for the finding. The opinion of the Supreme Court, *Fryar*, 93 N.M. 485, 601 P.2d 718, suggests, however, that that court does not believe this was a complex case. Thus, the district court's finding may be erroneous. Nevertheless, I would still affirm the judgment, because the other findings are sufficient to support it.

The defendant also objects because the district court adopted all of the findings of fact and conclusions of law submitted by the plaintiff. This practice has been held error only in the most extreme circumstances. *Sisneros v. Garcia*, 94 N.M. 552, 613 P.2d 422 (1980). It is not error here.

In essence, all of defendant's objections go to the fact that the trial court based its award of attorney's fees on a percentage of plaintiff's total award. This is not an abuse of discretion. The appellate court will not say, as a matter of law, that the district court abused its discretion in awarding attorney's fees merely because its award was based on a percentage figure. *Marez*.

I would affirm the judgment of the trial court and award plaintiff an additional $1,500 in attorney's fees for this appeal.