636 P.2d 903

**Eddie C. SING, Plaintiff-Appellee,**

**v.**

**DUVAL CORPORATION, a subsidiary of Pennzoil and Insurance Company of North America, Defendants-Appellants.**

**No. 5150.**

Court of Appeals of New Mexico.

Nov. 5, 1981.

Paul M. Bohannon, Hinkle, Cox, Eaton, Coffield & Hensley, Roswell, for defendants-appellants.

C. A. Feezer, Dow & Feezer, Carlsbad, for plaintiff-appellee.

OPINION

LOPEZ, Judge.

The trial court granted judgment to the plaintiff in a workmen's compensation case for 30% partial permanent disability, plus 13½% physical impairment due to hearing

loss in his left ear, with compensation payable at the rate of $201.04 per week, the applicable rate as of the date of the hearing of this case. The defendants appeal the judgment with respect to the rate of workmen's compensation only. We reverse.

The sole issue on appeal is whether the date of disability or the time of judicial determination of disability controls the rate of compensation.

On December 5, 1977 the plaintiff was struck in the head by a pipe wrench while drilling for ore, working for the defendant, Duval. He attempted to return to work in the mine but was unable to perform his duties. He returned to work for Duval on March 25, 1980 as a janitor at a lower salary. He had been receiving workmen's compensation benefits from the date of the accident until he began working in March 1980 at the rate of $142.59 per week. When he commenced working again the workmen's compensation payments stopped completely. The trial court found he was 100% disabled from performing any work for which he was fitted from the date of the accident until March 25, 1980. The court further found the plaintiff was suffering from a hearing loss of 13½% in his left ear as a result of this accident, and that the hearing loss did not disable him from performing either his past or his present job. From March 25, 1980 until the date of the trial, the court found the plaintiff was 30% disabled from performing any work for which he was fitted, according to his age, education, training, etc., because the injury had caused him dizziness, nausea, mental and emotional anxiety. All the compensation amounts arrived at by the trial court were based on an applicable rate of $201.04 per week which was the applicable rate at the time of the judicial determination.

The applicable statute reads as follows:
Section 52–1–48, N.M.S.A.1978
Additional limitation on benefits.
    The benefits that a workman shall receive during the entire period of disability, and the benefits for death, shall be based on, and limited to, the benefits in effect on the date of the accidental injury resulting in the disability or death.

The trial court applied the rule laid down in *Purcella v. Navajo Freight Lines, Inc.,* 95 N.M. 306, 621 P.2d 523 (Ct.App.1980).

In *Purcella* the plaintiff was injured on March 20, 1977. Workmen's compensation was paid until March 19, 1978 for temporary total disability at the applicable rate at the date of injury which was coexistent with disability. The plaintiff returned to work and payments of compensation were stopped. Suit was filed on September 15, 1978. On November 16, 1979 a stipulation was entered between plaintiff and the defendant that the plaintiff had a 35% permanent partial disability commencing on March 20, 1978. From March 20, 1978 until October 29, 1979 compensation was stipulated and paid at the applicable rate on the date of the disability. The parties stipulated to allow the trial court to determine the rate of compensation commencing on October 30, 1979. The trial court awarded workmen's compensation payable at the rate applicable at the date of the stipulation.

On appeal this court affirmed the trial court's decision and said:

    On November 16, 1979, defendant admitted that the plaintiff was disabled and it was at fault in terminating payments.

    We hold the rule to be that when a workman suffers disability as a result of an accidental injury and the employer voluntarily pays compensation benefits and then wrongfully terminates payments thereof, causing the workman to seek relief in the courts, the date that disability is determined in the court proceedings is the date that the applicable rate of compensation applies, not the date of the accidental injury * * *. We have said innumerable times that an employer and a workman must comply with the spirit of the Workmen's Compensation Act, i. e., a common sense concept of fairness in the view of a subjective eye that reviews the facts.

■ The established rule is that the rate of compensation is that the rate of compen-

sation in effect on the date of disability and the law effective at that time controls. *Moorhead v. Gray*, 90 N.M. 220, 561 P.2d 493 (Ct.App.1977); *De La Torre v. Kennecott*, 89 N.M. 683, 556 P.2d 839 (Ct.App. 1976); *Lamont v. New Mexico Military Institute*, 92 N.M. 804, 595 P.2d 774 (Ct. App.1979); *Casias v. Zia Co.*, 93 N.M. 78, 596 P.2d 521 (Ct.App.1979).

With the rules laid down by the above cases, and the *Purcella* rule, we view the evidence, findings of fact and conclusions of law in this case to determine if the judgment of the trial court can be affirmed. It is our duty to affirm the trial court's decision, unless the findings are not supported by the evidence or the conclusions are not supported by law. In other words, if the trial court's decision is based on an erroneous application of the law we must reverse. *In the Matter of Briggs*, 91 N.M. 84, 570 P.2d 915 (1977); *Barber's Super Markets v. Stryker*, 84 N.M. 181, 500 P.2d 1304 (Ct.App.1972).

We view, in particular, the following findings of fact and conclusions of law of the trial court:

*Findings of Fact*

No. 9. Defendant Insurance Company of North America has paid 120 weeks of workmen's compensation benefits to the Plaintiff at a rate of $142.59 per week.

No. 11. Defendant Insurer should pay to the Plaintiff the accrued 30% disability payments from March 25, 1980 to date in a lump sum at the rate of $60.31 per week plus accrued interest thereon as provided by statute from the date of entry of Judgment in this cause to the date of satisfaction of such Judgment.

No. 12. Defendant Insurer should hereafter pay unto the Plaintiff in not less than bi-weekly payments a 30% disability compensation at the rate of $60.31 per week until further order of this Court.

*Conclusions of Law :*

No. 7. Plaintiff's Workmen's Compensation rate determined as of the date of hearing is in the sum of $201.04 per week on a total disability basis.

No. 8. Plaintiff has an additional impairment under the scheduled injury section which is a 13½% hearing loss to his left ear.

The trial court did not make any findings that the defendant had admitted disability and that the defendant had admitted fault in terminating compensation benefits. The *Purcella* rule requires the payment of workmen's compensation to be wrongfully terminated as a condition precedent for its application. The plaintiff argues that the defendant knew, at the time of termination of workmen's compensation that the plaintiff had a 100% disability to perform the type of work he was doing at the time of the accident and 30% disability to perform work for which he was fitted and that the defendant was acting in bad faith.

The defendant argues that the payment of compensation was terminated in good faith when a doctor recommended light duty and when plaintiff actually returned to work on March 25, 1980.

The defendant further argues that one doctor had evaluated the plaintiff as only having 10% disability. The record shows that when the plaintiff terminated compensation benefits that the medical evidence as to his disability was conflicting.

The plaintiff's contentions mean that every time workmen's compensation payments are terminated that the employer is acting wrongfully and that the rate of compensation should escalate from the date of disability to the date of judicial determination of disability. This would end in absurd results because in order for the trial court to obtain jurisdiction of à workmen's compensation case there must be termination of workmen's compensation. *See*, § 52–1–31, N.M.S.A.1978. This would mean that in every compensation case filed in the district court, the rate of compensation would automatically change to the date of judicial determination from the date of disability. In almost every compensation case the evidence from the very beginning of the injury is conflicting and there is no definite degree of disability until determination by the

court or stipulation of the parties. This judicial procedure as urged by the plaintiff, would change the Workmen's Compensation Act drastically in a manner not contemplated by the Legislature.

The defendant asks this court to overrule *Purcella.* We decline to do so. We believe that *Purcella* is a valid, logical and reasonable interpretation of the Workmen's Compensation Act regarding the rate of workmen's compensation, but it must stand on its own set of facts.

We believe that common sense is a key ingredient in the administration of justice. Application of that ingredient in this case calls for a reasonable application of the *Purcella* rule and all the cases decided by our appellate courts. We can only arrive at one conclusion. The trial court erred in the application of the law regarding the rate of compensation.

We hold that the general rule is that the date of disability controls the rate of workmen's compensation, but *Purcella* creates an exception. The record in this case does not justify the application of the *Purcella* exception. Rather, we hold that the general rule is controlling.

The trial court erred in its decision.

Judgment is reversed and the cause is remanded for proceedings consistent with this opinion.

IT IS SO ORDERED.

WALTERS, C. J., concurs.

SUTIN, J., dissents.