641 P.2d 1092

Leon H. LOVATO, Plaintiff-Appellant,

v.

DUKE CITY LUMBER COMPANY, Defendant-Appellee.

No. 5285.

Court of Appeals of New Mexico.

Feb. 2, 1982.

Certiorari Denied Feb. 26, 1982.

Victor Roybal, Jr., Roybal & Crollett, Albuquerque, for plaintiff-appellant.

Judy A. Fry, Charles E. Stuckey, Modrall, Sperling, Roehl, Harris & Sisk, Albuquerque, for defendant-appellee.

## OPINION

NEAL, Judge.

In this workmen's compensation case the sole issue is whether the trial court erred in granting summary judgment and dismissing plaintiff's claim for increased workmen's compensation benefits. We hold it did not and affirm the judgment of the trial court.

■ Summary judgment is proper where there is "no genuine issue as to any material fact." N.M.R.Civ.P. 56(c), N.M.S.A.1978. Where the facts are not in dispute and all that remains is the legal effect of such facts, summary judgment is proper. *Meeker v. Walker*, 80 N.M. 280, 454 P.2d 762 (1969).

In this case the parties stipulated to the facts and therefore all that remained was the legal effect of the facts. Section 52–1–48, N.M.S.A. 1978 provides that benefits "shall be based on, and limited to, the benefits in effect on the date of the accidental injury resulting in disability or death." Benefits begin at the time of disability. *Casias v. Zia Company*, 94 N.M. 723, 616 P.2d 436 (Ct.App.1980). The only thing to be answered in this case is: Under the facts and circumstances presented when did plaintiff's disability begin? The trial court determined that plaintiff's disability began on the date of the accident, January 3, 1980. We agree.

It is undisputed that plaintiff was injured in a job-related accident on the 3rd day of January, 1980. He returned to work from February 25 through February 28, May 12 through June 2, and August 11 through September 10, 1980. Plaintiff did not work September 10 through October 20 because of a labor dispute. Plaintiff returned to work on October 20 and worked through January 5, 1981, when he discontinued work upon the advice of his doctor. Each time plaintiff returned to work he had no restrictions, but did experience pain. He was given lighter work by his employer. During the periods he was not working he was paid compensation benefits at the rate of $145.41 per week. He has also been paid $145.41 per week since the time he ceased to work, January 5, 1981. Plaintiff filed suit alleging that the weekly benefits were being paid in the incorrect amount and asked for all arrearages; he claimed that the weekly rate should be based on his salary in effect on January 5, 1981 instead of his salary in effect on January 3, 1980.

■■ Disability begins when a compensable injury manifests itself and wage-earning capacity is effected. *Casias, supra.* In this case the compensable injury clearly manifested itself at the time of the accident on January 3, 1980. Plaintiff was able to work only three days out of the approximately five months following the accident, and only three and one-half weeks out of the approximately eight months following the accident. It is clear that a compensable injury manifested itself immediately following the accident and continued for a substantial period of time, and that plaintiff's wage-earning capacity had been effected since the date of the accident. The fact that plaintiff worked for various periods of time after the date of trial does not require a ruling that plaintiff was not disabled as a matter of law. *Salazar v. Kaiser Steel Corporation*, 85 N.M. 254, 511 P.2d 580 (Ct.App. 1973).

In this case the plaintiff relies heavily on *Purcella v. Navajo Freight Lines, Inc.*, 95 N.M. 306, 621 P.2d 523 (Ct.App.1980). *Purcella* has been misinterpreted by many. *Purcella* must be interpreted and considered only on its own set of facts. The rule in

*Purcella* only exists where workmen's compensation has been wrongfully terminated; this is the condition precedent to its application. *Purcella* did not by judicial fiat change the meaning or interpretation of § 52–1–48. For an excellent discussion of *Purcella* see the opinion by Judge Lopez in *Sing v. Duval Corporation*, 21 N.M.St.B. Bull. 9, 97 N.M. 84, 636 P.2d 903 (Ct.App. 1981).

*Casias* states that disability begins when a compensable injury manifests itself. In this case that date was the date of the accident, January 3, 1980, and the applicable compensation rate should be determined as of that date. We affirm the summary judgment of the trial court.

IT IS SO ORDERED.

WALTERS, C. J., and DONNELLY, J., concur.