652 P.2d 742

**Henry MURRIETA, Plaintiff-Appellee,**

v.

**ANACONDA COMPANY,
Defendant-Appellant.**

**No. 5428.**

Court of Appeals of New Mexico.

March 30, 1982.

Pedro G. Rael, Los Lunas, for plaintiff-appellee.

Deborah S. Davis, Shaffer, Butt, Thornton & Baehr, P.C., Albuquerque, for defendant-appellant.

## OPINION

WALTERS, Chief Judge.

The trial court found plaintiff totally and permanently disabled as of July 12, 1978, and awarded benefits computed as of that date. We affirm the decision of total and permanent disability; we reverse on the rate of benefits allowable.

■ 1. Plaintiff's testimony, viewed in the light most favorable to the judgment, affords substantial evidence to support the award of total and permanent disability. *Gonzales v. Bates Lumber Co.,* 96 N.M. 422, 631 P.2d 328 (Ct.App. 1981). Causation was established by stipulation; the doctor's opinion regarding degree of disability is not binding on the trial court, but may be established by plaintiff himself. *Garcia v. Genuine Parts,* 90 N.M. 124, 560 P.2d 545 (Ct.App. 1977). *Chavira v. Gaylord Broadcasting Co.,* 95 N.M. 267, 620 P.2d 1292 (Ct.App. 1980), in the context of the undisputed evidence in *Chavira,* is not to the contrary.

■ 2. The date of disability is the date when the workman knows or should know he has suffered a compensable injury. *Casias v. Zia Co.,* 93 N.M. 78, 596 P.2d 521 (Ct.App. 1979). Plaintiff's receipt of full compensation benefits on five different occasions, some of which were extended periods, from March 1976 up to the date of trial, clearly establishes that at least *temporary* total disability manifested itself off and on as a result of the accidental injury of February 11, 1976. The *permanency* of plaintiff's total disability was judicially established as of July 12, 1978, and there is sufficient evidence to support that finding. It will not be disturbed. *Lucas v. Lucas,* 95 N.M. 283, 621 P.2d 500 (1980).

■■ The existence of temporary total disability resulting from the 1976 accidental injury was undeniably known to plaintiff *and* defendants twice in 1976, for an entire year in 1977, and again in 1978, before plaintiff became permanently and totally disabled in July of that year. The plaintiff was paid benefits for total disability during those periods for his compensable injury. The rate of compensation payable on the date of the compensable injury is the rate at which benefits are to be paid. *Zia, supra.* Plaintiff's periodic and *temporary total* disability which was compensated during 1976, 1977 and 1978 simply became *permanent total* disability on July 12, 1978. The date of the compensable injury did not change; consequently the rate of benefits payable did not change, either. If this result conflicts with *Gonzales v. Bates Lumber Co., supra*—and we are not certain it does because the stated facts of *Gonzales* are inconclusive of the degree of temporary disability compensated for before plaintiff

became totally disabled—we believe *Gonzales* to be in error and we decline to follow it.

The case is remanded for vacation of the judgment awarding benefits at the rate of $172 per week, with instructions to award permanent disability benefits at the maximum amount allowable for total disability in March 1976. Since plaintiff has upheld a portion of the judgment appealed, he is granted fees of $1,000 for his attorney's services on appeal.

IT IS SO ORDERED.

DONNELLY and NEAL, JJ., concur.