646 P.2d 1248

**Donald HOWARD, Plaintiff-Appellant,**

v.

**EL PASO NATURAL GAS COMPANY, a Texas Corporation, Employer, and the Hartford Insurance Company, Insuror, Defendants-Appellees.**

No. 5296.

Court of Appeals of New Mexico.

April 15, 1982.

Certiorari Denied June 15, 1982.

Turner W. Branch, Branch, Perkal & Associates, Albuquerque, for plaintiff-appellant.

James T. Roach, Klecan & Roach, Albuquerque, for defendants-appellees.

## OPINION

NEAL, Judge.

In this workmen's compensation action the trial court found plaintiff to be forty percent permanently partially disabled and also found that the disability began on the date of injury.

We affirm.

Plaintiff, aged fifty-four years, was injured on January 23, 1978, while driving a grader for the defendant-employer, and in the process of clearing snow the grader struck a stump, jerked suddenly and hit an embankment. From this accident, plaintiff sustained injury to his upper back and neck.

As a grader for defendant-employer, plaintiff worked eight days straight, ten hours per day, and then had six days off. His work history, other than operating a grader, included farm work, highway department work, and oil field work. Most of the jobs he performed consisted of heavy work. His job as a grader operator was considered light to medium work.

At the conclusion of trial, the court found plaintiff to be forty percent permanently partially disabled. Dr. Hurley and Dr. Mackler, a disability evaluator, testified that plaintiff was totally disabled. Dr. Woolson testified that plaintiff was not disabled at all. From this set of facts, the trial court could properly have found that plaintiff was totally disabled, not disabled, or some percentage in between. In *Lucero v. Los Alamos Constructors, Inc.*, 79 N.M. 789, 450 P.2d 198 (Ct.App.1969), one doctor testified that plaintiff was seventy-five percent disabled and another doctor testified that plaintiff was fifty percent disabled. The trial court found plaintiff to be thirty percent disabled, and plaintiff appealed contending that the trial court could not find less than fifty percent disability. We recognize that medical testimony is not conclusive on the trier of facts. In *Lucero*, Judge Oman wrote:

> Here, the trial court, as trier of the facts, rejected all the medical opinions as to the percentage of plaintiff's disability. This he could properly do. He arrived at a different percentage, which was properly within his province as the trier of facts, so long as it was supported by substantial evidence.

Plaintiff also testified that he could do other jobs. Plaintiff was a rodeo performer, and four or five months after he ceased work, he participated in a two-day rodeo in August, 1980. He and his partner won fourth place in a team roping contest. In view of this evidence, considered with the testimony of plaintiff that he could do other jobs, and Dr. Woolson's testimony that plaintiff was not disabled and could work as

a motor grader, the trial court quite understandably would be reluctant to find plaintiff totally disabled.

The trial judge heard the testimony of each witness and noticed his demeanor and actions while testifying. He was not bound by the testimony of any one medical witness. He gave consideration to the evidence as a whole, and then arrived at the percentage of disability.

We find there is substantial evidence to support the finding of forty percent disability.

Passing to the second question raised by plaintiff, the date of injury, January 23, 1978, is the date disability began. Section 52–1–48, N.M.S.A. 1978, provides that benefits "shall be based on, and limited to, the benefits in effect on the date of the accidental injury resulting in the disability or death." The trial court found that the date of disability began on the date of the accident, January 23, 1978. Plaintiff missed three weeks of work following the accident, and missed seven weeks of work between March, 1978, and December, 1979. There was evidence that after plaintiff returned to work in February, 1978, he worked a reduced work week of only three days because of the pain he was suffering. This supports the finding that the disability began on the date of the accident. This finding is explicit in the trial court's finding of fact No. 3 and conclusion of law No. 3.

The most recent case to support the trial court is *Murrieta v. Anaconda*, Court of Appeals No. 5428, filed March 30, 1982. In *Murrieta*, as in this case, the parties undeniably knew that plaintiff's disability began and was suffered on the date of the accident. Plaintiff relies on *Purcella v. Navajo Freight Lines, Inc.*, 95 N.M. 306, 621 P.2d 523 (Ct.App.1981). However, *Purcella* must be interpreted and considered only on the facts set forth in that case. *Purcella* has been properly defined to apply where the employer has wrongfully terminated compensation, and this is a condition precedent to its application. *See, Lovato v. Duke City*

*Lumber Company*, 97 N.M. 545, 641 P.2d 1092 (1982); *Sing v. Duval Corp.*, 97 N.M. 84, 636 P.2d 903 (Ct.App.1981).

Defendants have raised the issue that plaintiff's appeal should be dismissed because plaintiff has accepted benefits under the judgment. This is without merit. *Niederstadt v. Ancho Rico Consolidated Mines*, 88 N.M. 48, 536 P.2d 1104 (Ct.App. 1975), said:

> Under workmen's compensation law, the prevailing view is that a workman cannot be denied the right to appeal by his acceptance of a compensation award in an amount less than that to which he is statutorily entitled. [Citation omitted.] To hold otherwise would be contrary to the intent and purposes of the Workmen's Compensation Act.

*See also, Evans v. Stearns-Rogers Manufacturing Co.*, 253 F.2d 383 (10th Cir. 1958).

No attorney fees will be awarded for this appeal.

AFFIRMED.

IT IS SO ORDERED.

SUTIN and LOPEZ, JJ., concur.