653 P.2d 887

**Willy V. TURNER, Plaintiff-Appellant,**

v.

**SHOP–RITE FOODS, INC., dba Piggly Wiggly Supermarkets, Employer, and the Travelers Insurance Companies, Insurer, Defendants-Appellees.**

**No. 5600.**

Court of Appeals of New Mexico.

Oct. 28, 1982.

Mark Smith & Associates, Lubbock, Tex., Victor Roybal, Jr., Roybal & Crollett, Albuquerque, for plaintiff-appellant.

Stephen M. Williams, Miller, Stratvert, Torgerson & Brandt, P.A., Albuquerque, for defendants-appellees.

OPINION

NEAL, Judge.

In this workmen's compensation action the trial court concluded that the applicable wage rate, § 52–1–41, N.M.S.A.1978, was that in effect on February 19, 1977. Appellant appeals contending that the applicable rate was that in effect in February 1979.

We affirm.

On February 19, 1977 appellant fell from his truck and injured his back. He was off work for 35 weeks until October 1977. During the time he was off work he received total temporary benefits, based upon the wage rate on the date of injury, of $124.97 per week.

Appellant returned to work in October 1977. He performed the same work he had done prior to his back injury, at the same pay.

Appellant worked for roughly three months until, on January 6, 1978, he injured his ribs while unloading a truck. The trial court found that appellant did not injure or aggravate his February 1977 back injury in the second accident.

The rib injury caused appellant to miss work from January 6, 1978 to March 8, 1978. During this period appellant received total temporary disability benefits, based upon the applicable wage rate in effect on January 6, 1978, of $153.49 per week.

Appellant returned to work on March 8, 1978 and performed his usual work at his usual pay until he was laid off in February 1979.

Appellant then brought this workmen's compensation action. The trial court found him 35% permanently partially disabled and granted benefits (35% of $124.97 per week) based upon the wage rate in effect on the date of appellant's back injury (February 19, 1977). Appellant contends that his disability began in February 1979 and the wage rate in effect in February 1979, $186.38, is applicable. We disagree.

Section 52–1–48, supra, provides:

The benefits that a workman shall receive during the *entire period of disabili*ty * * * shall be based on, and limited to, *the benefits in effect on the date of the accidental injury resulting in the disabili*ty or death. (Emphasis added).

■ Benefits are based upon the rate in effect when the workman becomes disabled. The date of disability is the date the workman knows or should know he has suffered a compensable injury. *Casias v. Zia Co.*, 93 N.M. 78, 596 P.2d 521 (App.1979) (*Casias I*). Under § 52–1–48, *supra*, and *Casias v. Zia Co.*, 94 N.M. 723, 616 P.2d 436 (App.1980) (*Casias II*), once disability is established the rate for the entire period of disability is also established. After a workman is disabled the rate does not escalate each time he returns to work.

In findings 12 and 13 the trial court indicated that appellant's disability was caused by the February 19, 1977 back injury. Appellant completely recovered from the rib injury. At oral argument appellant admitted that the 1977 back injury caused his disability. Under the language of § 52–1–48, *supra*, the rate for the entire period of disability is limited to the benefits in effect on the date of accidental injury resulting in disability which, as appellant admits, is February 19, 1977.

■ Appellant argues that while the 1977 accident caused his disability, he was not disabled until February 1979. This is incorrect. When appellant was off work for over eight months (35 weeks) he knew he had suffered a compensable injury. *Casias I, supra.*

Appellant's reliance on *Herndon v. Albuquerque Public Schools*, 92 N.M. 635, 593 P.2d 470 (App.), rev'd on issue of attorney fees only, 92 N.M. 287, 587 P.2d 434 (1978); and *Lyon v. Catron County Commissioners*, 81 N.M. 120, 464 P.2d 410 (App.1969), *cert. denied*, 81 N.M. 140, 464 P.2d 559 (1970), is misplaced. In both of those cases the workman continued to work after an accident and did not become disabled until later. Here appellant missed 35 weeks following his accident. *Compare, Howard v. El Paso Natural Gas Co.*, 98 N.M. 184, 646 P.2d 1248 (App.1982).

Appellant relies on *Moorhead v. Gray Ranch Co.,* 90 N.M. 220, 561 P.2d 493 (App.), *cert. denied,* 90 N.M. 254, 561 P.2d 1347 (1977). In this case the stress of labor aggravated a preexisting injury. Here the trial court made no finding that appellant's 1977 back injury was aggravated by work, and none was requested.

Appellant also relies on *Murrieta v. Anaconda Company,* No. 14,227, filed August 19, 1982 (21 St.B.Bull. 1125). That opinion was withdrawn by the Supreme Court on September 29, 1982, 98 N.M. 696, 652 P.2d 246, and the Court of Appeals opinion, found at 98 N.M. 720, 652 P.2d 742, was reinstated. The Court of Appeals opinion in *Murrieta* is adverse to plaintiff and supports the result in this appeal.

We hold that under the circumstances here appellant's disability began February 19, 1977, and benefits are limited to those in effect on that date. Section 52–1–48, *supra; Casias II, supra.*

The judgment of the trial court is affirmed. No attorney fees are awarded.

IT IS SO ORDERED.

WOOD and SUTIN, JJ., concur.