657 P.2d 131

**Lennie M. ARMSTRONG, as surviving wife of Hallie B. Armstrong, deceased, Plaintiff-Appellant,**

v.

**STEARNS–ROGER ELECTRICAL CONTRACTORS, INC., and Fireman's Fund Insurance Companies, Defendants-Appellees.**

No. 5763.

Court of Appeals of New Mexico.

Nov. 18, 1982.

Certiorari Denied Jan. 7, 1983.

Bruce P. Moore, Moscow, Idaho, for plaintiff-appellant.

Carlos G. Martinez, James H. Johansen, Shaffer, Butt, Thornton & Baehr, P.C., Albuquerque, for defendants-appellees.

OPINION

HENDLEY, Judge.

Plaintiff appeals an adverse judgment for workmen's compensation benefits. The issues on appeal concern compensation and attorney's fee.

Mr. Armstrong was employed by Stearns-Roger as an electrician. He had been fitted with a pacemaker in 1976. On October 8, 1980, Mr. Armstrong left work complaining of a sore back. On that day he saw a chiropractor. The next day his wife made an appointment for him to see Dr. Williams about his back. Dr. Williams had been the family doctor for several years. After diagnosing the back strain, Dr. Williams decided that treatment on a diathermy machine would be beneficial.

Dr. Williams began diathermy treatment on Mr. Armstrong's back. A diathermy machine works by sending small electrical

impulses through muscle tissue, increasing the healing rate. When the machine was turned on, decedent suffered cardiac arrest due to interference with his pacemaker by the machine. Mr. Armstrong never regained consciousness and subsequently died. There was an x-ray in Dr. Williams' file showing that Armstrong was fitted with a pacemaker. It was also obvious upon direct physical examination.

Stearns-Roger maintained a first aid station staffed by a registered nurse. It was Stearns-Roger's policy that employees report all injuries to their immediate supervisor and the first aid station. There first aid would be provided or the employee would be referred to one of a list of physicians. Dr. Williams was not on the list. Decedent knew the company policy. He had been provided with a book on safe practices which outlined these procedures. He also had followed these procedures on three previous occasions.

The trial court made the following findings:

3. The employer had actual notice of said accident.

4. At the time of the accident the employer had made provisions for adequate medical treatment of Hallie Armstrong.

5. Hallie Armstrong declined to use the medical treatment provided by the employer and obtained the services of a doctor of his own choice, Dr. Wetzel Williams.

6. On October 9, 1980, Dr. Williams put Hallie Armstrong on a diathermy machine. Mr. Armstrong immediately suffered cardiac arrest, lapsed into a coma and died on November 14, 1980.

7. Mr. Armstrong was equipped with a pace maker of which Dr. Williams was, or should have been, aware.

8. Dr. William's [sic] treatment did not worsen or aggravate Mr. Armstrong's back strain injury.

9. There was no medical causation between Mr. Armstrong's injury of October 8, 1980 and his death of November 14, 1980.

10. The accidental injury suffered by Mr. Armstrong on October 9, 1980 resulting from the treatment by Dr. Williams did not arise in the course of employment with Stearns-Roger.

The trial court concluded:

1. Mr. Armstrong's death was not a direct and proximate result of any injury arising out of and in the course of his employment by Stearns-Roger.

2. The injury suffered by Mr. Armstrong on October 9, 1980 while being treated by Dr. Williams which resulted in Mr. Armstrong's death was an independent intervening cause.

3. The plaintiff is not entitled to any workmen's compensation benefits under the New Mexico Workmen's Compensation Act.

Judgment was subsequently entered dismissing the action.

Section 52–1–49, N.M.S.A.1978, states in part:

**Medical and related benefits; artificial members.**

A. After injury, and continuing as long as medical or surgical attention is reasonably necessary, the employer shall furnish all reasonable surgical, physical rehabilitation services, medical, osteopathic, chiropractic, dental, optometry and hospital services and medicine unless the workman refuses to allow them to be so furnished.

B. In case the employer has made provisions for, and has at the service of the workman at the time of the accident, adequate surgical, hospital and medical facilities and attention and offers to furnish these services during the period necessary, then the employer shall be under no obligation to furnish additional surgical, medical or hospital services or medicine than those so provided; provided, however, that the employer furnishing such surgical, medical and hospital services and medicines shall be liable to the workman for injuries resulting from neglect, lack of skill or care on the part of any person, partnership, corporation or

association employed by the employer to care for the workman. In the event, however, that any employer becomes so liable to the workman, it shall be optional with the workman injured in such a manner to accept the foregoing provisions and hold the employer liable for the injuries, or to reject these provisions and retain the right to sue the person, partnership, corporation or association employed by the employer who injures the workman through neglect, lack of skill or care. Election to accept or reject the provisions of this section shall be made by a notice in writing, signed and dated, given by the workman to his employer; and, if the workman elects to hold the employer liable for the injuries, the cause of action of the workman against the third person, partnership, corporation or association shall be assigned to the employer, who may institute proceedings thereon in any court having jurisdiction, in the workman's name.

The question before us is one of first impression. Therefore, we recite the applicable litany regarding workmen's compensation cases.

The Workmen's Compensation Act is **sui generis** and creates rights and remedies which are exclusive. *Hudson v. Herschbach Drilling Co.,* 46 N.M. 330, 128 P.2d 1044 (1942). The Act is remedial in nature and its language is to be liberally construed, but a strained construction is proscribed. *Anaya v. City of Santa Fe,* 80 N.M. 54, 451 P.2d 303 (1969). Those rights and remedies can only be received when specified by statute. *Pedrazza v. Sid Fleming Con., Inc.,* 94 N.M. 59, 607 P.2d 597 (1980).

It is plaintiff's position that she is entitled to workmen's compensation death benefits as a matter of law. For this proposition she cites 1 Larson's Workmen's Compensation Law, §§ 13.20 and 13.21 and the cases cited therein and in the Cumulative Supplement. We do not find these cases to be of any aid. Unless we can find statutory support for the proposition, that an employer is liable when a claimant bypasses the

employer's provisions for reasonably necessary medical care and seeks his own doctor and is injured, claimant cannot recover. *Hudson v. Herschbach Drilling Co., supra.* Any strained construction to cover this proposition is proscribed. *Anaya v. City of Santa Fe, supra.* Further, there is no claim that the medical attention, which would have been furnished by Stearns-Roger, was inadequate. Findings of fact numbers 4 and 5 are not challenged. *See* § 52-1-49(A).

We do not agree with defendants that under the facts of this case § 52-1-49(B) is applicable. That section's applicability relates only to those situations where the employer has provided adequate medical attention.

Plaintiff states:

In modern parlance the test for liability for workman's compensation benefits is a "but for" test. [Footnote omitted.] *Allstate Ins. Co. v. Industrial Commission,* [126 Ariz. 425, 616 P.2d 100 (Ariz.App. 1980)]. But for the injury suffered by Mr. Armstrong arising out of and in the course of his employment on October 8, 1979 he would not have been treated by Dr. Williams or killed by the docotr's [sic] malpractice.

First, *Allstate Ins. Co., supra,* is distinguished on its facts. It involved medical treatment which was necessary before the treatment to the injury could be done. Second, the case did not involve the claimant bypassing the employer's provision for medical care and seeking his own medical treatment. *Allstate Ins. Co., supra,* is not authority for the proposition that plaintiff would not have been "killed" by the doctor's malpractice except for the injury suffered.

Accordingly, we hold that the Workmen's Compensation Act does not provide for benefits to plaintiff under the facts of this case. *Pedrazza, supra.* Having so decided, we do not reach the issue of attorney's fees.

Affirmed.

IT IS SO ORDERED.

LOPEZ, J., concurs.

SUTIN, J., specially concurs in result.