663 P.2d 1201

**Frank G. SALAZAR, Plaintiff-Appellee,**

v.

**PIONEER PAVING, INC., and Reliance Insurance Company, Defendants-Appellants.**

**No. 7041.**

Court of Appeals of New Mexico.

May 10, 1983.

OPINION

WALTERS, Chief Judge.

Defendants appeal the trial court's award of total disability to plaintiff, the rate of disability allowed, and the amount of attorney fees granted to plaintiff's attorney. We affirm in part and reverse in part.

■ 1. Defendant argues that because of plaintiff's educational background and prior work experience, he was not "wholly unable to perform the usual task in the work he was performing at the time of his injury, and * * * wholly unable to perform any work for which he is fitted by age, education, training, general physical and mental capacity and previous work experience." NMSA 1978, § 52-1-24.

Plaintiff's doctor thought plaintiff was 15% impaired but thought also that he could return to work as a roller operator, truck driver, survey crew member or grade staker, or as a bookkeeper. Plaintiff testified that his severe and persistent pain, and his inability to rest or sleep, prevented him from doing any of the things he had done before, including attending college.

A reviewing court does not weigh conflicting evidence or determine the credibility of the witnesses. *Platero v. Jones,* 83 N.M. 261, 490 P.2d 1234 (Ct.App.1971). Causation was not a contested issue in this case; once it has been established or admitted, the extent of disability may be established by the plaintiff. *Garcia v. Genuine Parts Co.,* 90 N.M. 124, 560 P.2d 545 (Ct. App.1977). Plaintiff's testimony furnished substantial evidence of total disability.

■ 2. When defendants learned that plaintiff had played in several softball games during the summer of 1982, it terminated temporary total benefits it had been paying to that time. The trial court found that defendants' termination of benefits was "without justifiable cause and in a reckless, injurious, heedless, unjust and wrongful manner."

The record does not support the trial court's finding of wrongful termination of

Dennis Luchetti, Espanola, for plaintiff-appellee.

Alfred L. Green, Jr., Shaffer, Butt, Thornton & Baehr, P.C., Albuquerque, for defendants-appellants.

746

benefits. We take note that the ruling in *Purcella v. Navajo Freight Lines,* 95 N.M. 306, 621 P.2d 523 (Ct.App.1980), relied on by plaintiff for allowance of the compensation rate in effect at the time of termination, has not been followed in any case since *Purcella.* The special concurrence in that case would indicate agreement in the majority opinion because of the rate stipulated by the parties, not because of the propriety of an increase on an equitable rather than statutory ground. Regardless, however, of the validity or invalidity of the "Purcella rule," the trial court's finding lacks any evidentiary support. It was error to award compensation at the rate in effect on December 2, 1982.

■ 3. According to defendants, the attorney fee allowed was excessive and its determination was not expressed in findings that adhered to the factors enumerated in *Fryar v. Johnsen,* 93 N.M. 485, 601 P.2d 718 (1979). *Fryar* did not say that findings had to be made on each factor; it mandated, however, that the court take into "consideration * * * the factors outlined * * * and [make] findings * * * on the issue of attorney fees." 93 N.M. at 488, 601 P.2d 721. *Johnsen v. Fryar* (Fryar II), 96 N.M. 323, 630 P.2d 275 (Ct.App.1980), recognized that each factor need not be specifically set forth in some finding, but that there must be some evidence on a finding indicating that the factors had been considered by the trial court.

The findings do not cover and we are not advised in the briefs that evidence was produced on the questions of degree of ability of the "experienced and capable" plaintiff's attorney (*see Fryar II* at 96 N.M. 330, 630 P.2d 282); the "novelty and complexity of the issues" (*id.* at 330, 282, 630 P.2d 282); the fees normally charged for similar legal services (*id.* at 330, 383, 630 P.2d 282); or on the rate of inflation (*id.* at 330, 282, 630 P.2d 282).

Plaintiff urges that "[d]efendants are well aware that workmen's compensation cases are contingent fee cases." If he means that a plaintiff's attorney may charge a contingent fee of 10% for a claim that does not invoke the court's jurisdiction, he is correct. We have said, however, that a flat percentage of the total net award made by the court is not a proper method of determining attorney's fees. *Jennings v. Gabaldon,* 97 N.M. 416, 640 P.2d 522 (Ct. App.1982); *Fitch v. Sam Tanksley Trucking Co.,* 95 N.M. 477, 623 P.2d 991 (Ct.App. 1980). The award of the attorney's fees in this case is not supported by sufficient findings, and a flat fee percentage is not permitted.

We affirm plaintiff's award of total disability. We reverse the rate of compensation and direct that the judgment be modified to provide for payments at the rate in effect on the date of disability, $221.50 per week; and we reverse the attorney's fee award and direct that the matter be reconsidered and that additional findings in accordance with this opinion be made by the trial court to support any award allowed. Plaintiff is awarded attorney's fees of $1,000 on appeal for sustaining his entitlement to the award of total disability.

IT IS SO ORDERED.

LOPEZ and BIVINS, JJ., concur.