688 P.2d 31

**Johnny B. VAROS, Plaintiff-Appellee,**

**v.**

**UNION OIL COMPANY OF CALIFORNIA and Molycorp, Inc., Employer, Defendants-Appellants.**

**No. 7886.**

Court of Appeals of New Mexico.

Sept. 11, 1984.

J. Scott Hall, Lourdes A. Martinez, Campbell & Black, P.A., Santa Fe, for defendants-appellants.

Andres S. Vargas, Taos, for plaintiff-appellee.

Anne Kass, President, New Mexico Trial Lawyers Association, Albuquerque, amicus curiae.

## OPINION

HENDLEY, Judge.

Defendants appeal a workmen's compensation judgment wherein the trial court applied the rule of *Purcella v. Navajo Freight Lines*, 95 N.M. 306, 621 P.2d 523 (Ct.App.1980). We proposed summary reversal. Plaintiff did not respond. The New Mexico Trial Lawyers Association was invited to submit an amicus curiae brief which was subsequently filed. Defendants also briefed the issue.

The facts are not disputed and, therefore, become the facts on appeal. *State v. Anaya*, 98 N.M. 211, 647 P.2d 413 (1982). The facts essential to an understanding of this case are that plaintiff, after receiving total workmen's compensation disability benefits voluntarily paid by defendants for an injury which arose out of and during the course of his employment, had those benefits wrongfully reduced by defendants by 80 percent. The injury and disability occurred coincidently in 1980. The trial court awarded plaintiff total permanent disability and, following the holding in *Purcella*, awarded compensation based on the average weekly wage as of the date that disability was judicially determined—1984.

The sole issue on appeal is whether compensation benefits were computed at the correct rate.

In *Purcella*, a panel of this court held that when benefits are wrongfully terminated, the rate of compensation, NMSA 1978, Section 52–1–48, is to be determined as of the date that the trial court determines disability.

The holding of *Purcella* has not been applied in any subsequent reported New Mexico case. At times, *Purcella* has been questioned (*see Salazar v. Pioneer Paving, Inc.*, 99 N.M. 744, 663 P.2d 1201 (Ct.App. 1983)), and defended (*see Sing v. Duval Corp.*, 97 N.M. 84, 636 P.2d 903 (Ct.App. 1981)). *Purcella* has not been followed for various reasons. *See Salazar v. Pioneer Paving, Inc.* (the trial court's finding that termination of compensation was wrongful lacked any evidentiary support); *Howard v. El Paso Natural Gas Co.*, 98 N.M. 184, 646 P.2d 1248 (Ct.App.1982) (*Purcella* applies only to wrongful termination of benefits); *Lovato v. Duke City Lumber Co.*, 97 N.M. 545, 641 P.2d 1092 (Ct.App.1982) (*Purcella* applies only to cases where termination was wrongful); *Sing v. Duval Corp.* (trial court did not make any findings that the defendant had wrongfully terminated benefits); *Ulibarri v. Homestake Mining Co.*, 97 N.M. 734, 643 P.2d 298 (Ct.App.1982) (evidence supported good faith reduction).

▮▮▮ Workmen's compensation statutes are sui generis. *Garza v. W.A. Jourdan, Inc.*, 91 N.M. 268, 572 P.2d 1276 (Ct.App. 1977). Section 52–1–48 provides that the benefits a workman receives during the entire period of his disability "shall be based on, and limited to, the benefits in effect on the date of the accidental injury resulting in the disability." It is the province of the legislature to make changes in the provisions of statute law. *Sanchez v. Bernalillo County*, 57 N.M. 217, 257 P.2d 909 (1953). While the Workmen's Compensation Act is to be liberally construed, its provisions cannot be disregarded. *Ross v. Marberry & Co.*, 66 N.M. 404, 349 P.2d 123 (1960). The statute should not be construed in such a way as to nullify its provisions. *Security Trust v. Smith*, 93 N.M. 35, 596 P.2d 248 (1979). A strained construction is proscribed. *Armstrong v. Stearns-Roger Electrical Contractors, Inc.*, 99 N.M. 275, 657 P.2d 131 (Ct.App. 1982).

▮▮▮ The holding in *Purcella* is contrary to the provisions of Section 52–1–48. *Purcella* changes the provisions of Section 52–1–48 by adding an exception which in effect nullifies the statutory provision. We do not mean to say that the holding of *Purcella* is unfair. It is not. It is an equitable holding in light of the unfair bargaining positions of the worker versus the employer and the compensation carrier. Further, it may even be a deterrent to a wrongful termination of benefits. However, it is contrary to the statutory scheme of the Workmen's Compensation Act and it is not our function to legislate. This is a situation "for legislative therapy and not judicial surgery." *City of Albuquerque v. Sanchez*, 81 N.M. 272, 466 P.2d 118 (Ct. App.1970). The fact that the legislature has not acted since the *Purcella* holding does not necessarily indicate tacit approval. Legislative inaction may simply be due to legislative inertia. *See Scott v. Rizzo*, 96 N.M. 682, 634 P.2d 1234 (1981). *Purcella* is overruled.

Accordingly, we reverse and remand this cause to the trial court to amend its judgment to reflect the average weekly wage as of the date of the injury resulting in disability.

**IT IS SO ORDERED.**

WOOD and ALARID, JJ., concur.